FILED
IN CLERKS OFFICE

United States District Court for the District of Massachusetts
No. 04-11074-DPW

2004 JUN 14 P 1: 59

U.S. DISTRICT COURT
DISTRICT OF MASS.

IN RE: YURY SHKOLNIKOV

BANKRUPTCY APPEAL

ON APPEAL FROM A JUDGMENT OF THE BANKRUPTCY COURT

IN RE: Yury Shkolnikov
      Debtor


Mikhail Elkin
Boris Elkin
Elina Levinson as administratrix of the Estate of Senya Elkin
Anna Kutikov
Gennady Kutikov
Anna Kutikov as administratrix of the Estate of Marat Kutikov
Sergey Rabovsky
Boris Rabovsky
Igor Rabovsky
Sergey Rabovsky as administrator of the Estate of Alla Rabovsky
Luba Levin
Michael Rabinovich
Luba Levin and Michael Rabinovich as administrators of the estate of Mariya Vilner
Luba Levin and Michael Rabinovich as administrators of the estate of Vitaly Rabinovich
Michael Pevtsov
Alek Pevtsov
Alek and Michael Pevtsov as representatives and successors of Zyama Pevtsov
Alek and Michael Pevtsov as representatives and successors of Tsilya Pevtsov
                                                    Appellants--Creditors


Appellants (Passengers)-Creditors Brief

Appellants (Passengers),
By their attorney,

Marc S. Alpert, BBO # 016420
Marc S. Alpert, P.C.
50 Congress St., suite 225
Boston, MA 02109-4002
Tel: 617 227-2380  Fax: 617 367-8840
e-mail: trepla2380@juno.com

TABLE OF CONTENTS

Table of Authorities                                      i

Jurisdictional Statement                                 1

Statement of Issues on Appeal                            1

Statement of the Case                                    2

Statement of Facts                                       4

Summary of the Argument                                 11

Standard for Review                                     14

Argument                                                17

Discussion of Issues and Conclusion                     22

TABLE OF AUTHORITIES

Statutes – United States

11 U.S.C. § 524(e)                                              16,19,20

28 U.S.C. § 158(a).                                                  1

Cases

Abner v. Hope, 93 Fed. Appx. 792; 2004 U.S. App. LEXIS 5981, (6, 2004).      15


Field v. Transcontinental Insurance Co.,219 B.R. 115, 19998 Lexis 3396 (E.D. Vir.,
1998).                                                                 3

First Fidelity Bank v. McAteer, 985 F.2d 114, 118 (3rd Cir. 1993)          16,19

Franklin v. State of Oregon, State Welfare Division, 662 F.2d 1337, 1342 (9th Cir. 1981)
16,19


In re ADELPHIA COMMUNICATIONS CORP. et al, Debtors. *298 B.R. 49, *; 2003 U.S.
Dist. LEXIS 14505, (S.D.NY 2003).*
                            15
In re Catania, 94 B.R. 250, 253 (Bankr. D. Mass. 1989)                    16,19

In re Doughty, 195 B.R. 1, 4 (Bankr. D. Me. 1996)                         16,19

In re Edgeworth, 993 F.2d 51, 54 (5th Cir. 1993)                          16,19

In re Fernstrom Storage & Van Co., 938 F.2d 731, 734 (7th Cir. 1991)      16,19

*In Re: Fonner v. Overdorf, 47 Fed. Appx. 178; 2002 U.S. App. LEXIS 20698,(3rd Cir.,2002)*
                                                                          13,21


In re Greenway, 126 B.R. 253, 254 (E.D. Tex. 1991)                        16,19


In the Matter of New Era, Inc., Debtor. Appeals of New Era, Inc. and Phoenix Insurance Company.
*135 F.3d 1206,; 1998 U.S. App. LEXIS 1767, ; Bankr. L. Rep. (CCH) P77,623; 32 Bankr.
Ct. Dec. 126 (7thCir.1998),*                                              13,21

In re Stark, 717 F.2d 322, 323 (7th Cir. 1983) (per curium).                    21

In Tingler v. Marshall, 716 F.2d 1109; 1983 U.S. App. LEXIS 16895; 37 Fed. R. Serv. 2d (Callaghan) 934,(6, 1983)                    17

In re Walker, 927 F.2d 1138, 1142 (10th Cir. 1991)                    16,19

In re White Motor Credit, 761 F.2d 270, 274-75 (6th Cir. 1985)                    16,20

Jet Florida, 883 F.2d at 976                    16,19

Lebovits v. Scheffel, (In re Lehal Realty Associates), 101 F.3d 272, 276 (2d Cir. 1996); 15

Lewis v. State of New York, 547 F.2d 4 (2d Cir. 1976).                    17

Maryland Hotel Supply Co. v. Seats (Matter of Seats), 537 F.2d 1176, 1178 (4th Cir. 1976).                    15

Niedert, v. Rieger, 200 F. 3d 522, U.S. App. LEXIS 34107 (7, 1999),                    15

Nordberg v. Arab Banking Corp. (In re Chase & Sanborn Corp.), 904 F.2d 588, 593 (11th Cir. 1990)                    15

Perez v. Cumberland Farms, 213 B.R. 622, 1997 U.S. Dist. LEXIS 16206 (D. Mass) 16,17,19

**Jurisdiction statement**

The District Court had jurisdiction to review the Bankruptcy Court's order under 28 U.S.C. § 158(a).

**Statement of Issues on Appeal**

Issue:        Should the Dismissal be Vacated and the Default Judgment be Granted?

**Statement of the Case**

This is an adversary proceeding that was filed with a motion for relief from automatic stay. (App.7-10B).  The debtor, Yury Shkolnikov, filed for bankruptcy protection under chapter 7 about two days before a tort trial was scheduled to commence in two consolidated Los Angeles, California Superior Court cases. The appellants (hereinafter sometimes called "passengers") in this case are the plaintiffs in the Los Angeles California Superior Court cases, and the defendant in the Los Angeles cases is the debtor

The plaintiffs are all either passengers seriously injured or next of kin of passengers killed when a 15-passenger van driven by Debtor Yury Shkolnikov left a road and flipped over. Eight people were killed and five injured in that accident. One injured person the wife of Yury Shkolnikov elected not to sue. A group of other claimants, the Romanovskys, had settled with and/or had agreed to settle with

Page 1 of Appellants (Passengers) Brief In Re: Shkolnikov, #04-11074

Shkolnikov and/or his insurance company Metropolitan Property and

Casualty Company and prior to the bankruptcy filing had released the

debtor, but as of the date of filing had not completed the paperwork and

had not received any moneys. The Plaintiffs and the Romanovskys had

reached an agreement amongst themselves as to how to divide the

Metropolitan policy ($300,000.00 total) proceeds with the Romanovskys

getting 2/11ths. The Plaintiffs intend to honor their agreement, even

though the Romanovskys failed to file a Motion for Relief from Automatic

Stay or anything else in the bankruptcy court, and technically at this time

the Romanovsky claim is a legal nullity.


The Metropolitan policy has been interpleaded in the Untied

States District Court for District of Massachusetts 00-11663-RCL. As of

the date of filing, the interpleader case's status was remand from the

United States Court of Appeals. The interpleader case was not transferred

to the bankruptcy court in accordance with local rules, and neither

Metropolitan nor any party moved for relief from automatic stay. The

plaintiffs did in their paper inform the Bankruptcy Court of relevant

details or aspects of the interpleader case. Technically, the interpleader is

legally enjoined and a nullity..


Except for the Passengers the only other actual creditor of the

bankrupt Shkolnikov is Citibank Aadvantage, a credit card company, of $

3492 (App 10A-10B) .

The Plaintiffs claim that in addition to the assets Shkolnikov listed on his schedule, he has an unscheduled asset, namely a bad faith claim against Metropolitan. Neither Shkolnikov nor the Trustee in Bankruptcy have any interest in the asset. Shkolnikov's counsel stated at a Creditors' Meeting that it was not listed, as it had no value. The Trustee in his report de facto abandoned the bad faith claim as an asset. The asset has neither been legally formally scheduled nor abandoned. (App. 31-32).

The bad faith claim is clearly an asset, see Field v. Transcontinental Insurance Co.,219 B.R. 115, 19998 Lexis 3396 (E.D. Vir., 1998).

This adversary case seeks for relief leave from automatic stay with respect to the consolidated California accident cases. The Appellants are agreeing to look  to Metropolitan for collection of any judgment, and not to look to the debtor or the debtor's estate. To the extent any judgment obtained exceeds the available insurance policy proceeds, the Passengers are seeking an assignment of whatever bad faith type rights Shkolnikov might have.

The only creditor other than the Passengers is the credit card

company, and the Passengers have agreed to pay the credit card company in full before the Passengers receive or keep any moneys from the bad faith claim.

Neither the debtor nor the Trustee opposes the Passengers getting the requested relief. The only other creditor gets paid in full first from the excess. Both the debtor and the Trustee have chosen not to respond to the complaint. (App 31-32),

At a hearing to enter a default judgment, the Court sua sponte dismissed the complaint. The Court claimed not to have the legal power or authority to grant in an Adversary Proceeding the relief requested. Prior to the hearing the Court gave no indication that it was opposed to entering a default judgment and/or intended to dismiss the complaint.(App. 35).

After a Rule 59 appeal was rejected, the Passengers appealed to the District Court. (App. 39-41).

**Statement of Facts**

This case was dismissed sua sponte by the District Court at a hearing on a motion for entry of default judgment. (App. 35).

The allegations of the complaint are assumed to be true for

purposes of 12(b) or other motions to dismiss on the pleadings. These allegations taken verbatim from the adversary proceeding complaint are as follows:

1. This Adversary Proceeding is being filed in conjunction with a motion for relief from automatic stay. This Complaint and the Motion are duplicative. This is due to the bankruptcy law specifically excepting proceedings for Relief From Automatic Stays from Adversary Proceedings, while proceedings to recover specific assets are specifically directed to be subject to adversary proceedings.

2. All of the Plaintiffs-Creditors are named Plaintiffs or de facto Plaintiffs in one of two consolidated cases pending in Los Angeles Superior Court in California against Yury Shkolnikov. The two consolidated cases were scheduled to start trial on or about August 13, 2003; the debtor filed the bankruptcy petition on August 8, 2003.

3. The Plaintiffs in a related motion have jointly and severally respectfully requested that this Honorable Court for relief from automatic stay in order to permit, claims against the debtor, Yury Shkolnikov pending California personal injury action. Each Plaintiff is looking to recover only to the extent of the Debtor's

available insurance coverage and/or to the extent Debtor's insurance company or others are liable to Debtor and/or Plaintiffs with respect to any Judgment under chapter 93A and/or chapter 176D of the General Laws of Massachusetts or the common law of California for bad faith or otherwise handling of the aforesaid claims. . The Plaintiffs ask that with respect to each claim against Debtor that the automatic stay be lifted, that the Debtor's rights against Debtor's insurance company and/or others with respect to the claim be assigned to the respective Plaintiff, and that no asset or money of Debtor be involved in any way. Plaintiffs to make no efforts to collect any monies or any property of Debtor.

4. The Plaintiffs allege that on or about March 8, 2000, Yury Shkolnikov was the driver of a 15-passenger van in Clark County, Nevada. The van left the road and overturned, and eight people were killed and five injured. The police report claimed Yury Shkolnikov fell asleep and lost control of the van. Each of the Plaintiffs is either an injured surviving passenger, or an heir at law or next of kin of a deceased passenger, or the estate of a deceased passenger.

5. Yury Shkolnikov had a $100,000.00/$300,000.00 insurance policy with Metropolitan Property and Casualty Insurance Company.

Plaintiffs believe that under California law (the van was rented in California) the lessor Shan Trac, Inc. is obligated for the functional equivalent of $15,000.00/$30,000.00 in coverage.

6. Other victims of the March 8, 2000 (Marat P. Romanovsky individually and as the surviving spouse of Leya M. Romanovsky, Yelena Brobritsky, Svetlana Romanovsky and Veronica Romanosky) have given Yury Shkolnikov a release and are entitled to 2/11ths of the $300,000.00 Metropolitan policy leaving $245,245.24 for the Plaintiffs. The Plaintiffs have agreed to a settlement with Shan Trac, Inc and even have hard the settlement approved by the applicable court, the settlement with Shan Trac,Inc. includes an assignment of any rights that Shan Trac, Inc. might have against the debtor Yury Shkolnikov and expect that settlement to be closed by December 1, 2003. and may sue Shan Trac,Inc. for specific performance of the assignment of rights as to Yury Shkolnikov. Except for the listed petitioners the only other creditor of debtor Yury Shkolnikov will be Citibank Aadvantage in the amount of $3492.00. Plaintiffs agree and assent to paying from any recovery of amounts in excess of the available insurance or insurance like coverage the $3492.00 to Citibank Aadvantage. Appendix A to this Adversary Proceeding addresses each listed debt on the Debtor Yury Shkolnikov's petition.

7. Plaintiffs have filed two consolidated lawsuits in Los Angeles Superior Court in California to recover damages for the incident of March 8, 2000. Yury Shkolnikov is one of the defendants in both cases. The cases are numbered 246213 and. 246237.

8. Metropolitan in an interpleader action has paid the $300,000.00 into United States District Court for the District of Massachusetts. Under an order of the District Court, the only way the Plaintiffs can actually obtain the proceeds is with a judgment or by signing a specific release form. The release form attached to the Order is unacceptable and will not be signed. The First Circuit Court of Appeals agreed with Plaintiffs with respect to the release, but stated the remedy was to file a rule 60(b) motion in the District Court. Such a motion was filed and was opposed, and denied by the District Court. So, a judgment must be obtained to collect the insurance proceeds. Less than one week before trial in Superior Court in Los Angeles, Yury Shkolnikov filed for bankruptcy. A relief from stay is needed in order to get a judgment that is needed to collect the insurance proceeds paid into the District Court.

9. Plaintiffs desire to proceed against Yury Shkolnikov only to the

extent of the available insurance and insurance-like proceeds, and then with respect to the excess only against the insurance company and/or other third parties who might be responsible to Shkolnikov under bad faith or other theories with respect to the judgments. Plaintiffs are not to proceed against the debtor or the debtor's estate. Plaintiffs are not asking and do not seek to enforce any judgment against either the debtor or the debtor's estate.

10. Plaintiffs' claims will have no effect on the debtor's estate, as petitioners are to proceed only against the available insurance and insurance-like proceeds, and if these are insufficient against the insurance company and possibly others with the assignment of rights. None of the rights being assigned are listed as assets of the Debtor, and these rights remain inchoate until such time as the Plaintiffs obtain judgments against the Debtor in excess of the insurance proceeds. Even then, the Debtor's attorney has stated at the First Meeting of Creditors that these rights have no value. These rights are sort of intertwined with the claim of each individual Petitioner, and as a practical matter can not be separated and made distinct from each individual Petitioner.. There are no other creditors except Citibank Aadvantage and that creditor will be paid in full if the relief asked for is granted and the plaintiffs

herein are successful in any bad faith type of litigation.

11. Plaintiffs in the related motion have requested that this Court grant relief from stay in or order to permit its claim to proceed in the California consolidated civil actions.

In addition, the District Court's attention is directed to the following facts:

12.   The settlement with Thrifty/Shan Trac has now been closed, and any all rights of Thrify/Shan Trac claims against Shkolnikov have been assigned to the Appellants (Passengers). These rights have now been wiped out by the discharge, as Appellants (Passengers) deliberately chose not to move for relief from automatic stay with respect to those claims.

13.  The motion for automatic stay filed by the Appellants was granted.

14.  The debtor has now been discharged.

15. The deadline for filing motions for relief from stay or objections to discharge has expired. Neither the Romanovskys nor Metropolitan have to date filed any motions or objections, so technically the Romanovsky claims have been wiped out, and the interpleader claim is enjoined and a legal nullity.

16. The Trustee has filed a paper de facto abandoning any bad faith rights and stating no interest in outcome of adversary proceeding.

17. The Passengers believe any bad faith claim will be a very good one, as all of the Passengers including the Romanovskys had agreed before the Interpleader was filed on a division, the Passengers tried and tried before the District Court in the Interpleader case issued its order to give releases and get the money, the Interpleaader order drafted by Metropolitan and approved by the Court without change over objection was not workable and was designed so that the Passengers could never get any money, the Passengers all signed and notarized releases and delivered the releases, the Los Angeles Superior Court approved a settlement for the policy limits and Metropolitan would neither fund the settlement nor allow the interpleaded funds to be released, and now the interpleader case which should never have been filed is enjoined and a legal nullity.

**Summary of The Argument**:

The standard of review is de novo when the bankruptcy court dismisses sua sponte an uncontested adversary proceeding. If there is any legal non-frivolous basis to support the Appellants (Passengers) claims the dismissal should be vacated.

The Appellants (Passengers) are all individuals who are next

of kin of individuals killed due to the alleged negligence of the debtor or individuals seriously injured by the alleged negligence of the debtor. Two days before tort cases were scheduled to start in Los Angeles Superior Court, the debtor filed for chapter 7.

The adversary complaint which is duplicative of a granted motion for relief from automatic stay seeks that the automatic stay be lifted so the Appellants (Passengers) can try the consolidated cases in Los Angeles, get judgments, and then proceed to collect the judgments against Metropolitan Property and Casualty Insurance Company, the debtor's insurer. The Appellants (Passengers) are specifically prohibited from seeking any recovery from either the debtor or the debtor's estate.

The Appellants (Passengers) with the exception of one credit card company are the only creditors of the Debtor. (Technically, the Romanovskys another group of injured or killed are also, but prior to the bankruptcy filing the Romanovskys settled with the debtor and released the debtor, and then chose not to file for relief from automatic stay to collect their share of the Metropolitan proceeds; and in any event the Appellants are in agreement that the Romanovskys are entitled to their share and make no claim otherwise.) The relief requested in the Adversary complaint provides that the credit card company is paid in full before the Appellants (Passengers) collect any bad faith damages from Metropolitan.

Both the Debtor and the Trustee in bankruptcy have deliberately declined to respond to the Complaint, and neither filed a

response. The Trustee did file in response to the motion for a default judgment paper stating the Trustee was not interested. In effect, the Debtor and the Trustee have abandoned the Debtor's asset of bad faith rights against Metropolitan.

Courts routinely and virtually always in situations like this grant as this Court did a motion for relief from automatic stay to allow alleged tort victims to get judgments and collect from insurance companies.

Usually the Trustee in bankruptcy brings the bad faith claim against the insurer for the benefit of all creditors. Here the only creditors are the Appellants (Passengers), with the one exception to be paid in full before the Appellants. The Trustee, as well as the Debtor (who did not list the bad faith claim as an asset), has in effect abandoned the asset. As a practical matter the assignment of the bad faith claim, whose actual full existence is dependent on the Appellants success in the underlying tort cases in Los Angeles, makes sense. More to the point, the only two circuits court of appeals that have dealt with the issue of assignment of bad faith claims against the insurer to the tort victims have upheld the assignment. See, In the Matter of New Era, Inc., Debtor. Appeals of New Era, Inc. and Phoenix Insurance Company. *135 F.3d 1206,; 1998 U.S. App. LEXIS 1767, ; Bankr. L. Rep. (CCH) P77,623; 32 Bankr. Ct. Dec. 126 (7thCir.1998), In Re: Fonner v. Overdorf, 47 Fed. Appx. 178; 2002 U.S. App. LEXIS 20698,(3rd Cir.,2002)*

In both of the cases, the assignment was made before the actual trial of the tort case and before a judgment was actually obtained. The seventh circuit went so far as to label the legal argument against the validity of such an assignment of bad faith claims by the Bankruptcy Court as being not just frivolous, but doubly frivolous.

The relief requested in the adversary complaint is legally cognizable Relief from automatic stays are almost always granted, and in a case like this a refusal is an abuse of discretion. The only two circuit courts to consider the validity of the debtor's assigning the debtor's bad faith rights have upheld the legal validity, and one called objections to the validity doubly frivolous. The relief as a practical matter makes a lot of sense. The defendants have chosen not to defend and have no objection to the granting of the relief. The sua sponte dismissal should be vacated and the requested default judgment entered.

**Standard for Review**

The District Court reviews de novo the sua sponte dismissal

of an unopposed complaint by the bankruptcy court. A complaint is

frivolous where it lacks an arguable basis either in law or in fact.

Dismissal of a complaint for the failure to state a claim on which relief

may be granted is appropriate only if it appears beyond a doubt that the

plaintiff can prove no set of facts in support of his claim that would entitle

him to relief. See, Niedert, v. Rieger, 200 F. 3d 522, U.S. App. LEXIS

34107 (7, 1999), Abner v. Hope, 93 Fed. Appx. 792; 2004 U.S. App.

LEXIS 5981, (6, 2004).

 

 

       Factual findings of the Bankruptcy Court will not be set aside

unless clearly erroneous. See, Lebovits v. Scheffel, (In re Lehal Realty

Associates), 101 F.3d 272, 276 (2d Cir. 1996); Nordberg v. Arab Banking

Corp. (In re Chase & Sanborn Corp.), 904 F.2d 588, 593 (11th Cir. 1990).

 

       Equitable determinations are subject to review under an

abuse of discretion standard. See Maryland Hotel Supply Co. v. Seats

(Matter of Seats), 537 F.2d 1176, 1178 (4th Cir. 1976).

 

       Findings that involve questions of law or mixed questions of fact

and law are reviewed de novo, In re ADELPHIA COMMUNICATIONS CORP.

et al, Debtors. *298 B.R. 49, \*; 2003 U.S. Dist. LEXIS 14505, (S.D.NY*

*2003).*

Granting relief from automatic stay is an equitable

determination. Failure to grant in situations to go after insurance proceeds

that do not belong to the debtor or the debtor's estate is usually an abuse

of discretion, see. In The Matter of: Lewis Anson David Edgeworth, M.D.,

Debtor, Donna Elaine Houston, et.al. Appellants v. Lewis Anson David

Edgeworth, MD. Appelle 993 F.2d 51 (1993).:

 As was stated in Perez v. Cumberland Farms, 213 B.R. 622, 1997 U.S.

Dist. LEXIS 16206 (D. Mass) at 623

:"Courts relying on 11 U.S.C. § 524(e), however, almost unanimously allow
claimants to proceed with claims against the debtor for the purpose of collecting
from the debtor's liability insurer. n4 See, e.g., In re Edgeworth, 993 F.2d 51,
54 (5th Cir. 1993); First Fidelity Bank v. McAteer, 985 F.2d 114, 118 (3rd
Cir. 1993); Green v. Welsh, 956 F.2d 30, 33 (2nd Cir. 1992); In re Fernstrom Storage
& Van Co., 938 F.2d 731, 734 (7th Cir. 1991); In re Walker, 927 F.2d 1138, 1142 (10th
Cir. 1991); Jet Florida, 883 F.2d at 976; In re Doughty, 195 B.R. 1, 4 (Bankr. D. Me.
1996); In re Greenway, 126 B.R. 253, 254 (E.D. Tex. 1991); In re Catania, 94 B.R. 250,
253 (Bankr. D. Mass. 1989); contra In re White Motor Credit, 761 F.2d 270, 274-75
(6th Cir. 1985). Those Courts reason that § 524(a) discharges only the debtor's
personal liability, not the liability of any other party such as the debtor's insurer.
Furthermore, § 524(e) permits a creditor to recover against any other entity who
may be liable on the debtor's behalf'""

The same reasoning with respect to relief from automatic stay

should be applicable to assignment of bad faith rights as to debtor's

insurer when the Trustee and the Debtor do not deign to go after the

insurer, and the only creditors are the parties seeking the assignment. The

analysis is the same, the insurer and not the debtor is still paying.

## ARGUMENT

Issue:        Should the Dismissal be Vacated and the Default Judgment be Granted?

The sua sponte dismissal should be vacated and the default judgment granted. The District Court decides this question of law de novo.

The procedure followed by the Bankruptcy Court has been criticized in other contexts by appellate courts. The sixth circuit request courts to first notify the plaintiffs of the intended dismissal and the reasons, and to give the plaintiffs time to prepare a response and/or amend the complaint. In Tingler v. Marshall, 716 F.2d 1109; 1983 U.S. App. LEXIS 16895; 37 Fed. R. Serv. 2d (Callaghan) 934, (6, 1983):the sixth circuit said:

> "Such *sua sponte* dismissals are not in accordance with our traditional adversarial system of justice because they cast the district court in the role of "a proponent rather than an independent entity." *Franklin v. State of Oregon, State Welfare Division*, 662 F.2d 1337, 1342 (9th Cir. 1981). Moreover, such dismissals are not favored because they are unfair to the litigants and ultimately waste, rather than save judicial resources. *Id. Lewis v. State of New York*, 547 F.2d 4 (2d Cir. 1976).

> Plaintiffs are prejudiced by the procedure followed by the district court in this case because, unlike with motions to dismiss filed by defendants, they have no opportunity to amend their complaints or make legal arguments against the dismissal. The prejudice is particularly acute with respect to *pro se* plaintiffs, like the plaintiff in this case, who are generally unskilled in the art of pleading."

In accord: Perez v. Ortiz, *849 F.2d 793, ; 1988 U.S. App. LEXIS 8945,*

*11 Fed. R. Serv. 3d (Callaghan) 494(2nd cir.,1988).*

This adversary case seeks for relief leave from automatic stay with respect to the consolidated California accident cases. The plaintiffs are agreeing to look to Metropolitan for collection of any judgment, and not to look to the debtor or the debtor's estate. To the extent any judgment obtained exceeds the available insurance policy proceeds, the Plaintiffs are seeking an assignment of whatever bad faith type rights Shkolnikov might have.

The only creditor other than the Plaintiffs is the credit card company, and the Plaintiffs have agreed to pay the credit card company in full before the Plaintiffs receive or keep any moneys from the bad faith claim.

Neither the debtor nor the Trustee opposes the Plaintiffs getting the requested relief. The only other creditor gets paid in full first from the excess. Both the debtor and the Trustee deliberately defaulted. At a hearing to enter a default judgment, the Court sua sponte dismissed the complaint. The Court claimed not to have the legal power or authority to grant in an Adversary Proceeding the relief requested.

The complaint should not have been dismissed, and a default judgment entered. Both the debtor and the Trustee have no interest and

have willingly declined to file a responsive pleading or answer. The Trustee in a report states the Trustee does not care. There is only one other creditor, and that creditor will get nothing from the estate except from the bad faith case.

The granting of the default judgment might be duplicative and redundant. But, there appears to be an open question on whether an assignment can be done by motion or has to be done by adversary proceeding.

The first part of the relief requested is routinely and almost always granted the relief from stay as to insurance policy proceeds. Granting relief from automatic stay is an equitable determination and is not the issue here as that motion was granted. In any event, if it was the issue, failure to grant in this situation to go after insurance proceeds that do not belong to the debtor or the debtor's estate is an abuse of discretion, see. In The Matter of: Lewis Anson David Edgeworth, M.D., Debtor, Donna Elaine Houston, et.al. Appellants v. Lewis Anson David Edgeworth, MD. Appelle 993 F.2d 51 (1993).

As was stated in Perez v. Cumberland Farms, 213 B.R. 622, 1997 U.S. Dist. LEXIS 16206 (D. Mass) at 623 :

"Courts relying on 11 U.S.C. § 524(e), however, almost unanimously allow claimants **to** proceed with claims against the debtor for the purpose of collecting from the debtor's liability insurer. n4 See, e.g., In re Edgeworth, 993 F.2d 51, 54 (5th Cir. 1993); First Fidelity Bank v. McAteer, 985 F.2d 114, 118 (3rd Cir. 1993); Green v. Welsh, 956 F.2d 30, 33 (2nd Cir. 1992); In re Fernstrom Storage & Van Co., 938 F.2d 731, 734 (7th Cir. 1991); In re Walker, 927 F.2d 1138, 1142 (10th Cir. 1991); Jet Florida, 883 F.2d at 976; In re Doughty, 195 B.R. 1, 4 (Bankr. D. Me. 1996); In re Greenway, 126 B.R. 253, 254 (E.D. Tex. 1991); In re Catania, 94 B.R. 250,

253 (Bankr. D. Mass. 1989); contra In re White Motor Credit, 761 F.2d 270, 274-75 (6th Cir. 1985). Those Courts reason that § 524(a) discharges only the debtor's personal liability, not the liability of any other party such as the debtor's insurer. Furthermore, § 524(e) permits a creditor to recover against any other entity who may be liable on the debtor's behalf" "

The same reasoning with respect to relief from automatic stay should be applicable to assignment of bad faith rights as to debtor's insurer when the Trustee and the Debtor do not deign to go after the insurer, and the only creditors are the parties seeking the assignment, except for the credit card company who gets paid in full before any distribution of bad faith proceeds to any of the Passengers.

Most of the time the Trustee brings any bad faith claim. Here the Trustee in its response to the Motion for Default specifically stated it had no interest in bringing a bad faith claim and has no interest in the outcome of the adversary proceeding. The Trustee did not file an answer or responsive pleading. However, here the only creditors save the small credit card creditor who is fully protected are the plaintiffs, and the only beneficiaries of a bad faith claim will be the plaintiffs, or for that matter any funds received by the debtor's estate. Any bad faith claim is intricately involved with the prosecution of the case.

There does not appear to be any First Circuit cases on whether the Bankruptcy Court has the legal power to approve the

assignment to the injured claimants in a tort case have been assigned the

debtor's bad faith rights. But, there are cases from other circuits and to

plaintiffs' knowledge no contrary cases disallowing any such assignments.

See, *In the Matter of New Era, Inc., Debtor. Appeals of New Era, Inc. and Phoenix*

*Insurance Company. 135 F.3d 1206, \*; 1998 U.S. App. LEXIS 1767, \*\*;*

*Bankr. L. Rep. (CCH) P77,623; 32 Bankr. Ct. Dec. 126 (7thCir.1998), In Re:*

*Fonner v. Overdorf, 47 Fed. Appx. 178; 2002 U.S. App. LEXIS 20698, (3rd*

*Cir.,2002)* The seventh circuit in Fonner not only approved the assignment

over the objection of the debtor but went so far as to label the appeal

doubly frivolous (page 1211). The third circuit approved the assignment

of the bad faith rights to the victims over the objection of the Debtor. The

third circuit case is *47 Fed. Appx. 178, \*; 2002 U. S. App. LEXIS 20698, \*\**

Both of these cases involved assignments of bad faith rights prior to the trial

of the underlying tort case. There does not appear to be any contrary authority

to New Era and Fonner.

The Perez court further stated:

> In affirming the decision of a bankruptcy court to reopen a case to
> allow a personal injury suit nominally against a debtor, the
> Seventh Circuit Court of Appeals held that The bankruptcy court
> should exercise its equitable powers with respect to substance and
> not technical considerations that will prevent substantial justice. In re
> Stark, 717 F.2d 322, 323 (7th Cir. 1983) (per curium).

In Fonner at 181 the Third circuit wrote:

> > It explicitly found that refusing to reopen the case and modify
> > the discharge order would work an "extreme injustice"
> > upon the Estate by inequitably depriving the Estate of
> > substantial damages. Any benefit of denying the Estate's
> > motion would only redound to the insurance companies

involved; granting the relief, [*182] it found, was
"appropriate to accomplish justice."

That is the situation here. The only possible beneficiary of the

dismissal of this action will be Metropolitan, whose outrageous conduct

has created the situation.


**Discussion of Issues and Conclusion**

The District Court should vacate the dismissal and order entry of

the requested default judgment.


Appellants (Passengers)
By their attorney,

Marc S. Alpert, BBO # 016420
Marc S. Alpert, P.C.
50 Congress St., suite 225
Boston, MA 02109-4002
Tel: 617 227-2380  Fax: 617 367-8840
e-mail: trepla2380@juno.com