United States District Court for the District of Massachusetts
No. 04-11074-DPW

IN RE: YURY SHKOLNIKOV

BANKRUPTCY APPEAL

FILED
IN CLERK'S OFFICE
2004 JUN 14 P 1:59
U.S. DISTRICT COURT
DISTRICT OF MASS.

ON APPEAL FROM A JUDGMENT OF THE BANKRUPTCY COURT

IN RE: Yury Shkolnikov
    Debtor

Mikhail Elkin
Boris Elkin
Elina Levinson as administratrix of the Estate of Senya Elkin
Anna Kutikov
Gennady Kutikov
Anna Kutikov as administratrix of the Estate of Marat Kutikov
Sergey Rabovsky
Boris Rabovsky
Igor Rabovsky
Sergey Rabovsky as administrator of the Estate of Alla Rabovsky
Luba Levin
Michael Rabinovich
Luba Levin and Michael Rabinovich as administrators of the estate of Mariya Vilner
Luba Levin and Michael Rabinovich as administrators of the estate of Vitaly Rabinovich
Michael Pevtsov
Alek Pevtsov
Alek and Michael Pevtsov as representatives and successors of Zyama Pevtsov
Alek and Michael Pevtsov as representatives and successors of Tsilya Pevtsov
                                            Appellants--Creditors

---

### Appellants (Passengers)-Creditors Appendix

Appellants (Passengers),
By their attorney,

Marc S. Alpert, BBO # 016420
Marc S. Alpert, P.C.
50 Congress St., suite 225
Boston, MA 02109-4002
Tel: 617 227-2380  Fax: 617 367-8840
e-mail: trepla2380@juno.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

CHAPTER 7

IN RE: Yury Shkolnikov
    Debtor

Case No. 03-16727 (Judge Hillman)
Adversary Proceeding:03-01478

Mikhail Elkin
Boris Elkin
Elina Levinson as administratrix of the Estate of Senya Elkin
Anna Kutikov
Gennady Kutikov
Anna Kutikov as administratrix of the Estate of Marat Kutikov
Sergey Rabovsky
Boris Rabovsky
Igor Rabovsky
Sergey Rabovsky as administrator of the Estate of Alla Rabovsky
Luba Levin
Michael Rabinovich
Luba Levin and Michael Rabinovich as administrators of the estate of Mariya Vilner
Luba Levin and Michael Rabinovich as administrators of the estate of Vitaly Rabinovich
Michael Pevtsov
Alek Pevtsov
Alek and Michael Pevtsov as representatives and successors of Zyama Pevtsov
Alek and Michael Pevtsov as representatives and successors of Tsilya Pevtsov
                                                                    Plaintiffs-Creditors

v.

Yury Shkolnikov, Defendant-Debtor

RECORD ON APPEAL TO BE TRANSMITTED TO DISTRICT COURT

Plaintiffs-Creditors by their attorney,

/s/ Marc S. Alpert

Marc S. Alpert, BBO # 016420
Marc S. Alpert, P.C.
50 Congress St., suite 225
Boston, MA 02109-4002
Tel: 617 227-2380  Fax: 617 367-8840
e-mail: trepla4133@aol.com

DISMISS, DISMISSED, APPEAL

## United States Bankruptcy Court
## District of Massachusetts (Boston)
## Adversary Proceeding #: 03-01478

*Assigned to:* Judge William C. Hillman
*Related BK Case:* 03-16727
*Related BK Title:* Yury Shkolnikov
*Demand:*
*Nature of Suit:* 454

*Date Filed:* 11/17/03
*Date Dismissed:* 02/11/2004

**Plaintiff**

| | |
|---|---|
| Mikhail Elkin | represented by **Marc S. Alpert**<br>50 Congress St.<br>Ste. 225<br>Boston, MA 02109 |
| Boris Elkin | represented by **Marc S. Alpert**<br>(See above for address) |
| Elina Levinson, *As Administratrix of the Estate of Senya Elkin* | represented by **Marc S. Alpert**<br>(See above for address) |
| Anna Kutikov | represented by **Marc S. Alpert**<br>(See above for address) |
| Gennady Kutikov | represented by **Marc S. Alpert**<br>(See above for address) |
| Sergey Rabovsky | represented by **Marc S. Alpert**<br>(See above for address) |
| Boris Rabovsky | represented by **Marc S. Alpert**<br>(See above for address) |
| Igor Rabovsky | represented by **Marc S. Alpert**<br>(See above for address) |
| Sergey Rabovsky, *As Administrator of the Estate of Alla Rabovsky* | represented by **Marc S. Alpert**<br>(See above for address) |
| Luba Levin | represented by **Marc S. Alpert**<br>(See above for address) |
| Michael Rabinovich | represented by **Marc S. Alpert**<br>(See above for address) |
| Luba Levin, *As Administrators Of The* | represented by **Marc S. Alpert** |

| | |
|---|---|
| *Estate Of Mariya Vilner* | (See above for address) |
| **Michael Rabinovich,** *As Administrators Of The Estate Of Mariya Vilner* | represented by **Marc S. Alpert** (See above for address) |
| **Luba Levin,** *As Administrators OF The Estate Of Vitaly Rabinovich* | represented by **Marc S. Alpert** (See above for address) |
| **Michael Rabinovich,** *as Administrators Of The Estate Of Vitaly Rabinovich* | represented by **Marc S. Alpert** (See above for address) |
| **Michael Pevtsov** | represented by **Marc S. Alpert** (See above for address) |
| **Alek Pevtsov** | represented by **Marc S. Alpert** (See above for address) |
| **Alek Pevtsov,** *As Representatives and Successors of Zyama Pevtsov* | represented by **Marc S. Alpert** (See above for address) |
| **Michael Pevtsov,** *As Representatives and Successors of Zyama Pevtsov* | represented by **Marc S. Alpert** (See above for address) |
| **Alek Pevtsov,** *As Representatives and Successors of Tsilya Pevtsov* | represented by **Marc S. Alpert** (See above for address) |
| **Michael Pevtsov,** *As Representatives and Successors of Tsilya Pevtsov* | represented by **Marc S. Alpert** (See above for address) |

V.

**Defendant**

| | |
|---|---|
| **Yury Shkolnikov** | represented by **Richard M. Canzano** 36 Commerce Way Woburn, MA 01801 (781) 935-3500 *LEAD ATTORNEY* |

| Filing Date | # | Docket Text |
|---|---|---|
| 11/17/2003 | 1 | 454 (Recover Money/Property): Complaint by Mikhail Elkin , Boris Elkin , Elina Levinson , Anna Kutikov , Gennady Kutikov , Sergey Rabovsky , Boris Rabovsky , Igor Rabovsky , Sergey Rabovsky , Luba Levin , Michael Rabinovich , Luba Levin , Michael Rabinovich , Luba Levin , Michael Rabinovich , Michael Pevtsov , Alek Pevtsov , Alek Pevtsov , Michael Pevtsov , Alek Pevtsov , Michael Pevtsov against Yury Shkolnikov.Receipt Number 506466, |

|  |  | Fee Amount $150 (cb, usbc) (Entered: 11/19/2003) |
| --- | --- | --- |
| 11/20/2003 | 2 | Summons Issued on Yury Shkolnikov Answer Due 12/22/2003 (jmd, ) (Entered: 11/20/2003) |
| 11/20/2003 | 3 | Court Certificate of Mailing. RE: 2 Summons Issued (jmd, ) (Entered: 11/20/2003) |
| 12/15/2003 | 4 | Summons Service Executed on Yury Shkolnikov and Trustee Mark DeGiacomo 11/26/2003 (mem, usbc) (Entered: 12/16/2003) |
| 01/05/2004 | 5 | Motion for Default Judgment Filed by Plaintiffs. c/s. (jmd, ) (Entered: 01/08/2004) |
| 01/07/2004 | 6 | Response To 5 Motion for Default Judgment By Chapter 7 Trustee Mark G. DeGiacomo. c/s. (jmd, ) (Entered: 01/13/2004) |
| 01/14/2004 | 7 | Hearing scheduled for 2/11/2004 at 09:30 AM Boston Courtroom 3 - WCH for 5 Motion for Entry Of Default Judgment. (jmd, ) (Entered: 01/14/2004) |
| 01/14/2004 | 8 | Court Certificate of Mailing RE: 7 Hearing scheduled for 2/11/2004 at 09:30 AM Boston Courtroom 3 - WCH for 5 Motion for Entry Of Default Judgment. (jmd, ) (Entered: 01/14/2004) |
| 01/21/2004 | 9 | Certificate of Service by Marc Alpert of 7 Hearing scheduled for 2/11/2004 at 09:30 AM Boston Courtroom 3 - WCH for 5 Motion for Entry Of Default Judgment. (jmd, ) (Entered: 01/26/2004) |
| 02/11/2004 |  | Hearing Held RE: 5 Motion for Default Judgment. (js, USBC) (Entered: 02/13/2004) |
| 02/11/2004 | 10 | Order dated 2/11/2004 Re: 5 Motion for Default Judgment Filed by Plaintiffs. DENIED. FINDINGS AND CONCLUSIONS DICTATED AT CLOSE OF HEARING INCORPORATED BY REFERENCE. THE COURT SUA SPONTE DISMISSES THIS ADVERSARY PROCEEDING. (js, USBC) (Entered: 02/13/2004) |
| 02/11/2004 | 11 | Order Dismissing Case . (js, USBC) (Entered: 02/13/2004) |
| 02/13/2004 |  | Disposition of Adversary. Adversary Number 03-1478 Complaint Dismissed. (js, USBC) (Entered: 02/13/2004) |
| 02/15/2004 | 12 | BNC Certificate of Mailing - PDF Document. Service Date 02/15/2004. (Related Doc # 10) (Admin.) (Entered: 02/16/2004) |

| 02/15/2004 | 13 | BNC Certificate of Mailing - PDF Document. Service Date 02/15/2004. (Related Doc # 11) (Admin.) (Entered: 02/16/2004) |
|---|---|---|
| 02/23/2004 | 14 | Motion for Revision, Amendment, Revocation, Reconsideration or Otherwise of Sua Sponte Dismissal. Re: 10 Order dated 2/11/2004 Re: 5 Motion for Default Judgment Filed by Plaintiffs. (mjt, usbc) (Entered: 02/24/2004) |
| 03/08/2004 | 15 | Endorsed Order Dated 3/8/2004 14 Motion for Revision, Amendment, Revocation, Reconsideration or Otherwise of Sua Sponte Dismissal. Re: 10 Order dated 2/11/2004 Re: 5 Motion for Default Judgment Filed by Plaintiffs. DENIED. (mem, usbc) (Entered: 03/09/2004) |
| 03/11/2004 | 16 | BNC Certificate of Mailing - PDF Document. Service Date 03/11/2004. (Related Doc # 15) (Admin.) (Entered: 03/12/2004) |
| 03/19/2004 | 17 | Notice of Appeal with Election to Proceed To District Court. Receipt Number 00511655, Fee Amount $255 Filed by Plaintiffs Boris Elkin, Mikhail Elkin, Anna Kutikov, Gennady Kutikov, Luba Levin, Elina Levinson, Alek Pevtsov, Michael Pevtsov, Boris Rabovsky, Igor Rabovsky, Sergey Rabovsky RE: 10 Order on Motion for Default Judgment, 11 Order Dismissing Case, 15 Order on Motion For Revision, Amendment, Revocation, Reconsideration Or Otherwise of Sua Sponte Dismissal. Appellant Designation due by 3/29/2004. Complied Records Due by 4/13/2004. Transmission of Designation Due by 4/19/2004. (jmd, ) (Entered: 03/19/2004) |
| 03/19/2004 | 18 | Notice of Appeal to District Court RE: 17 Notice of Appeal. (jmd, ) (Entered: 03/19/2004) |
| 03/19/2004 | 19 | Court Certificate of Mailing RE: 18 Notice of Appeal to District Court. (jmd, ) (Entered: 03/19/2004) |
| 03/29/2004 | 20 | Appellant Designation of Contents For Inclusion in Record On Appeal Filed by Marc Alpert RE: 17 Notice of Appeal. Appellee designation due by 4/8/2004. (jmd, ) (Entered: 03/29/2004) |
| 03/29/2004 | 21 | Statement of Issues, Filed by Marc S. Alpert RE: 17 Notice of Appeal. (jmd, ) (Entered: 03/29/2004) |

| PACER Service Center |
|---|
| Transaction Receipt |

| 04/23/2004 12:19:29 | | | |
|---|---|---|---|
| PACER Login: | ma0267 | Client Code: | shkolnikov |
| Description: | Docket Report | Case Number: | 03-01478 |
| Billable Pages: | 3 | Cost: | 0.21 |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

CHAPTER 7

IN RE: Yury Shkolnikov
    Debtor

Case No. 03-16727 (Judge Hillman)

Mikhail Elkin
Boris Elkin
Elina Levinson as administratrix of the Estate of Senya Elkin
Anna Kutikov
Gennady Kutikov
Anna Kutikov as administratrix of the Estate of Marat Kutikov
Sergey Rabovsky
Boris Rabovsky
Igor Rabovsky
Sergey Rabovsky as administrator of the Estate of Alla Rabovsky
Luba Levin
Michael Rabinovich
Luba Levin and Michael Rabinovich as administrators of the estate of Mariya Vilner
Luba Levin and Michael Rabinovich as administrators of the estate of Vitaly Rabinovich
Michael Pevtsov
Alek Pevtsov
Alek and Michael Pevtsov as representatives and successors of Zyama Pevtsov
Alek and Michael Pevtsov as representatives and successors of Tsilya Pevtsov
                                Plaintiffs-Creditors

v.

Yury Shkolnikov, Defendant-Debtor

ADVERSARY PROCEEDING –COMPLAINT SEEKING ASSIGNMENT OF UNLISTED ASSET OF THE DEBTOR

1. This Adversary Proceeding is being filed in conjunction with a motion for relief from automatic stay. This Complaint and the Motion are duplicative. This is due to the bankruptcy law specifically excepting proceedings for Relief From Automatic Stays from Adversary Proceedings, while proceedings to recover specific assets are specifically directed to be subject to adversary proceedings.

2. All of the Plaintiffs-Creditors are named Plaintiffs or de facto Plaintiffs in one of two consolidated cases pending in Los Angeles Superior Court in California against Yury Shkolnikov. The two consolidated cases were scheduled to start trial

on or about August 13, 2003; the debtor filed the bankruptcy petition on August 8, 2003.

3. The Plaintiffs in a related motion have jointly and severally respectfully requested that this Honorable Court for relief from automatic stay in order to permit, claims against the debtor, Yury Shkolnikov pending California personal injury action. Each Plaintiff is looking to recover only to the extent of the Debtor's available insurance coverage and/or to the extent Debtor's insurance company or others are liable to Debtor and/or Plaintiffs with respect to any Judgment under chapter 93A and/or chapter 176D of the General Laws of Massachusetts or the common law of California for bad faith or otherwise handling of the aforesaid claims. . The Plaintiffs ask that with respect to each claim against Debtor that the automatic stay be lifted, that the Debtor's rights against Debtor's insurance company and/or others with respect to the claim be assigned to the respective Plaintiff, and that no asset or money of Debtor be involved in any way. Plaintiffs to make no efforts to collect any monies or any property of Debtor.

4. The Plaintiffs allege that on or about March 8, 2000, Yury Shkolnikov was the driver of a 15-passenger van in Clark County, Nevada. The van left the road and overturned, and eight people were killed and five injured. The police report claimed Yury Shkolnikov fell asleep and lost control of the van. Each of the Plaintiffs is either an injured surviving passenger, or an heir at law or next of kin of a deceased passenger, or the estate of a deceased passenger.

5. Yury Shkolnikov had a $100,000.00/$300,000.00 insurance policy with Metropolitan Property and Casualty Insurance Company. Plaintiffs believe that under California law (the van was rented in California) the lessor Shan Trac, Inc. is obligated for the functional equivalent of $15,000.00/$30,000.00 in coverage.

6. Other victims of the March 8, 2000 (Marat P. Romanovsky individually and as the surviving spouse of Leya M. Romanovsky, Yelena Brobritsky, Svetlana Romanovsky and Veronica Romanosky) have given Yury Shkolnikov a release and are entitled to 2/11ths of the $300,000.00 Metropolitan policy leaving $245,245.24 for the Plaintiffs. The Plaintiffs have agreed to a settlement with Shan Trac, Inc and even have hard the settlement approved by the applicable court, the settlement with Shan Trac,Inc. includes an assignment of any rights that Shan Trac, Inc. might have against the debtor Yury Shkolnikov and expect that settlement to be closed by December 1, 2003. and may sue Shan Trac,Inc. for specific performance of the assignment of rights as to Yury Shkolnikov. Except for the listed petitioners the only other creditor of debtor Yury Shkolnikov will be Citibank Aadvantage in the amount of $3492.00. Plaintiffs agree and assent to paying from any recovery of amounts in excess of the available insurance or insurance like coverage the $3492.00 to Citibank Aadvantage. Appendix A to this Adversary Proceeding addresses each listed debt on the Debtor Yury Shkolnikov's petition.

7. Plaintiffs have filed two consolidated lawsuits in Los Angeles Superior Court in California to recover damages for the incident of March 8, 2000. Yury Shkolnikov is one of the defendants in both cases. The cases are numbered 246213 and 246237.

8. Metropolitan in an interpleader action has paid the $300,000.00 into United States District Court for the District of Massachusetts. Under an order of the District Court, the only way the Plaintiffs can actually obtain the proceeds is with a judgment or by signing a specific release form. The release form attached to the Order is unacceptable and will not be signed. The First Circuit Court of Appeals agreed with Plaintiffs with respect to the release, but stated the remedy was to file a rule 60(b) motion in the District Court. Such a motion was filed and was opposed, and denied by the District Court. So, a judgment must be obtained to collect the insurance proceeds. Less than one week before trial in Superior Court in Los Angeles, Yury Shkolnikov filed for bankruptcy. A relief from stay is needed in order to get a judgment that is needed to collect the insurance proceeds paid into the District Court.

9. Plaintiffs desire to proceed against Yury Shkolnikov only to the extent of the available insurance and insurance-like proceeds, and then with respect to the excess only against the insurance company and/or other third parties who might be responsible to Shkolnikov under bad faith or other theories with respect to the judgments. Plaintiffs are not to proceed against the debtor or the debtor's estate. Plaintiffs are not asking and do not seek to enforce any judgment against either the debtor or the debtor's estate.

10. Plaintiffs' claims will have no effect on the debtor's estate, as petitioners are to proceed only against the available insurance and insurance-like proceeds, and if these are insufficient against the insurance company and possibly others with the assignment of rights. None of the rights being assigned are listed as assets of the Debtor, and these rights remain inchoate until such time as the Plaintiffs obtain judgments against the Debtor in excess of the insurance proceeds. Even then, the Debtor's attorney has stated at the First Meeting of Creditors that these rights have no value. These rights are sort of intertwined with the claim of each individual Petitioner, and as a practical matter can not be separated and made distinct from each individual Petitioner.. There are no other creditors except Citibank Aadvantage and that creditor will be paid in full if the relief asked for is granted and the plaintiffs herein are successful in any bad faith type of litigation.

11. Plaintiffs in the related motion have requested that this Court grant relief from stay in or order to permit its claim to proceed in the California consolidated civil actions.

12. Plaintiffs pray that the following relief be granted and order entered into:

(a)        Pursuant to 11 U.S.C. § 362(d), the automatic stay imposed pursuant to 11 U.S.C. § 362 (a) be and terminated, to permit Named and listed Plaintiffs to proceed against the debtor, Yury Shkolnikov in a pending state court actions in Los Angeles Superior Court in California Civil Actions 246213 and 246237, only to the extent of the Debtor's available insurance and insurance-like coverage, and to the extent amounts in excess of said insurance and insurance-like coverage can be obtained from Metropolitan Property and Casualty Insurance Company and any other individual or entity. In the event any Judgment obtained can not be paid in full from available insurance and insurance-like coverage each listed Plaintiff is assigned all rights the Debtor and/or the Debtor's estate may have pursuant to chapters 93A and 176D of Massachusetts and/or bad faith law, and or common or statutory law of any applicable jurisdiction against Metropolitan Property and Casualty Insurance Company and any other individual or entity with respect to the Judgment obtained. The Plaintiffs shall have no rights to collect from the Debtor or from the Debtor's estate, and shall make no efforts to enforce any excess judgment against either the Debtor or the Debtor's estate.

(b)    In the event the Plaintiff or any individual Plaintiff collect any excess judgment against Metropolitan Property and Casualty Insurance Company or any other individual or entity, before any distribution to the Petitioners or any one of the Petitioners, Citibank Aadvantage is to be paid $3492.00.

Plaintiffs by their attorney,

Marc S. Alpert
Marc S. Alpert, P.C.
50 Congress St., suite 225
Boston, MA 02109
Tel: 617 227-2380
Fax: 617 367-8840
e-mail: repla4133@aol.com

10

APPENDIX A:

The Debtor listed 29 creditors. After the Named and Listed Plaintiffs Close Settlement with Shan Trac,Inc. and obtain the assignment of rights, the only creditors will be Citibank Aadvantage and the Named and Listed Plaintiffs. The Proposed Order requires the Named and Listed Plaintiffs to pay Citibank Aadvantage in full before any of the Named and Listed Plaintiffs receive any proceeds from any proceeding to collect monies in excess of available insurance and insurance like monies.

#1   Citibank Aadvantage--- Provided for in the Order. Amount is relatively very insignificant $3492.00.

#2   DaimlerChrysler -- No claim pending against Yury Shkolnikov.

#3   Dollar Thrifty Automotive Group—No claim pending against Yury Shkolnikov

#4   Boris Elkin – One of named and listed plaintiffs

#5   Michael Elkin—One of named and listed plaintiffs

#6   Mikhal Elkin—One of named and listed plaintiffs

#7   Glendale Dodge—No claim pending against Yury Shkolnikov

#8   Anna Kutkov—One of named and listed plaintiffs

#9   Marat Kutikov-- One of named and listed plaintiffs

#10   Genardy Kutikov-- One of named and listed plaintiffs

#11   Luba Leviin-- One of named and listed plaintiffs

#12   Elina Levinson—One of named and listed plaintiffs

#13   Metropolitan Prop. and Cas. Ins.—No claim pending against Yury Shkolnikov

#14   Alek Pevtsov—One of named and listed plaintiffs

#15   Michael Pevtsov—One of named and listed plaintiffs

#16   Michael Rabinovich-- One of named and listed plaintiffs

#17   Alla Rabovsky-- One of named and listed plaintiffs

#18   Boris Rabovsky-- One of named and listed plaintiffs

#19   Igor Rabovsky-- One of named and listed plaintiffs
#20   Sergey Rabovsky-- One of named and listed plaintiffs

#21   Marat Romanosky—Signed settlement and gave release that covers Shan Trac assignment

#22   Svetlana Romanovsky-- Signed settlement and gave release that covers Shan Trac assignment

#23   Veronica Romanovsky-- Signed settlement and gave release that covers Shan Trac assignment

#24   Yelana Romanovsky-- Signed settlement and gave release that covers Shan Trac assignment

#25   Shan Trac, Inc.—Any pending claim being assigned to Named and Listed Plaintiffs and to Romanovskys whose release of Shkolnikov includes assignment and agreed to dismissal with prejudice of its case independently wipes out assignment

#26   Shan Trac, Inc—Any pending claim being assigned to Named and Listed Plaintiffs and to Romanovskys whose release of Shkolnikov includes assignment and agreed to dismissal with prejudice of its case independently wipes out assignment This claim for property damage has been paid in full and dismissed, not pending.

#27   Shan Trac, Inc. -- The claim for property damage has been paid in full and dismissed, not pending.

#28   Thrifty Rent-A-Car System—no claim pending

#29   Thrifty, Inc. —no claim pending

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

In Re: YURY SHKOLNIKOV

Debtor,

Related Bankruptcy Case: 03-16727
Chapter 7
Judge William C. Hillman

Mikhail Elkin, et al
Plaintiff

vs.

Yury Shkolnikov
Defendant

Adversary Proceeding: 03-01478

## SUMMONS IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to submit a motion or answer to the complaint which is attached to this summons to the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer within 35 days.
**ANSWER DUE: 12/22/03**

Address of Clerk:

U. S. Bankruptcy Court
10 Causeway Street
Room 1101
Boston, MA 02222

At the same time, you must also serve a copy of the motion or answer upon the plaintiffs attorney.

Name and Address of Plaintiff's Attorney:

Marc S. Alpert
50 Congress St.
Ste. 225
Boston, MA 02109

If you make a motion, your time to answer is governed by FRBP 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

Date: 11/20/03

James M. Lynch
Clerk, U.S. Bankruptcy Court



By the Court,

Joan M. Dwyer
Deputy Clerk
(617) 565-5916



Chapter 7
Adversary Proceeding: 03-01478
Judge William C. Hillman

## CERTIFICATE OF SERVICE

I, _____, certify that I am, and at all times during the service of process, not less than 18 years of age and not a party to the matter concerning which service of process was made. I further certify that the service of this summons and a copy of the complaint was made by:_____(Date)

☐ Mail service: Regular, first class United States mail, postage fully pre-paid, addressed to:

☐ Personal Service: By leaving the process with defendant or with an officer or agent of defendant at:

☐ Residence Service: By leaving the process with the following adult at:

☐ Publication: The defendant was served as follows: [Describe briefly]

☐ State Law: The defendant was served pursuant to the laws of the State of_____ as follows: [Describe briefly]

Under penalty of perjury, I declare that the foregoing is true and correct.

_____     _____
Date                          Signature

Print Name
Business Address
City        State        Zip

11/A

NOV 17'03 AM 9:08 USBC

FILING FEE PAID

03-1478

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

CHAPTER 7

IN RE: Yury Shkolnikov
      Debtor

Case No. 03-16727 (Judge Hillman)

Mikhail Elkin
Boris Elkin
Elina Levinson as administratrix of the Estate of Senya Elkin
Anna Kutikov
Gennady Kutikov
Anna Kutikov as administratrix of the Estate of Marat Kutikov
Sergey Rabovsky
Boris Rabovsky
Igor Rabovsky
Sergey Rabovsky as administrator of the Estate of Alla Rabovsky
Luba Levin
Michael Rabinovich
Luba Levin and Michael Rabinovich as administrators of the estate of Mariya Vilner
Luba Levin and Michael Rabinovich as administrators of the estate of Vitaly Rabinovich
Michael Pevtsov
Alek Pevtsov
Alek and Michael Pevtsov as representatives and successors of Zyama Pevtsov
Alek and Michael Pevtsov as representatives and successors of Tsilya Pevtsov
                                                           Plaintiffs-
Creditors

v.
Yury Shkolnikov, Defendant-Debtor

ADVERSARY PROCEEDING—COMPLAINT SEEKING ASSIGNMENT OF
UNLISTED ASSET OF THE DEBTOR

1. This Adversary Proceeding is being filed in conjunction with a motion for relief from automatic stay. This Complaint and the Motion are duplicative. This is due to the bankruptcy law specifically excepting proceedings for Relief From Automatic Stays from Adversary Proceedings, while proceedings to recover specific assets are specifically directed to be subject to adversary proceedings.

2. All of the Plaintiffs-Creditors are named Plaintiffs or de facto Plaintiffs in one of two consolidated cases pending in Los Angeles Superior Court in California against Yury Shkolnikov. The two consolidated cases were scheduled to start trial

12

on or about August 13, 2003; the debtor filed the bankruptcy petition on August 8, 2003.

3. The Plaintiffs in a related motion have jointly and severally respectfully requested that this Honorable Court for relief from automatic stay in order to permit, claims against the debtor, Yury Shkolnikov pending California personal injury action. Each Plaintiff is looking to recover only to the extent of the Debtor's available insurance coverage and/or to the extent Debtor's insurance company or others are liable to Debtor and/or Plaintiffs with respect to any Judgment under chapter 93A and/or chapter 176D of the General Laws of Massachusetts or the common law of California for bad faith or otherwise handling of the aforesaid claims. . The Plaintiffs ask that with respect to each claim against Debtor that the automatic stay be lifted, that the Debtor's rights against Debtor's insurance company and/or others with respect to the claim be assigned to the respective Plaintiff, and that no asset or money of Debtor be involved in any way. Plaintiffs to make no efforts to collect any monies or any property of Debtor.

4. The Plaintiffs allege that on or about March 8, 2000, Yury Shkolnikov was the driver of a 15-passenger van in Clark County, Nevada. The van left the road and overturned, and eight people were killed and five injured. The police report claimed Yury Shkolnikov fell asleep and lost control of the van. Each of the Plaintiffs is either an injured surviving passenger, or an heir at law or next of kin of a deceased passenger, or the estate of a deceased passenger.

5. Yury Shkolnikov had a $100,000.00/$300,000.00 insurance policy with Metropolitan Property and Casualty Insurance Company. Plaintiffs believe that under California law (the van was rented in California) the lessor Shan Trac, Inc. is obligated for the functional equivalent of $15,000.00/$30,000.00 in coverage.

6. Other victims of the March 8, 2000 (Marat P. Romanovsky individually and as the surviving spouse of Leya M. Romanovsky, Yelena Brobritsky, Svetlana Romanovsky and Veronica Romanosky) have given Yury Shkolnikov a release and are entitled to 2/11ths of the $300,000.00 Metropolitan policy leaving $245,245.24 for the Plaintiffs. The Plaintiffs have agreed to a settlement with Shan Trac, Inc and even have hard the settlement approved by the applicable court, the settlement with Shan Trac,Inc. includes an assignment of any rights that Shan Trac, Inc. might have against the debtor Yury Shkolnikov and expect that settlement to be closed by December 1, 2003. and may sue Shan Trac,Inc. for specific performance of the assignment of rights as to Yury Shkolnikov. Except for the listed petitioners the only other creditor of debtor Yury Shkolnikov will be Citibank Aadvantage in the amount of $3492.00. Plaintiffs agree and assent to paying from any recovery of amounts in excess of the available insurance or insurance like coverage the $3492.00 to Citibank Aadvantage. Appendix A to this Adversary Proceeding addresses each listed debt on the Debtor Yury Shkolnikov's petition.

7. Plaintiffs have filed two consolidated lawsuits in Los Angeles Superior Court in California to recover damages for the incident of March 8, 2000. Yury Shkolnikov is one of the defendants in both cases. The cases are numbered 246213 and. 246237.

8. Metropolitan in an interpleader action has paid the $300,000.00 into United States District Court for the District of Massachusetts. Under an order of the District Court, the only way the Plaintiffs can actually obtain the proceeds is with a judgment or by signing a specific release form. The release form attached to the Order is unacceptable and will not be signed. The First Circuit Court of Appeals agreed with Plaintiffs with respect to the release, but stated the remedy was to file a rule 60(b) motion in the District Court. Such a motion was filed and was opposed, and denied by the District Court. So, a judgment must be obtained to collect the insurance proceeds. Less than one week before trial in Superior Court in Los Angeles, Yury Shkolnikov filed for bankruptcy. A relief from stay is needed in order to get a judgment that is needed to collect the insurance proceeds paid into the District Court.

9. Plaintiffs desire to proceed against Yury Shkolnikov only to the extent of the available insurance and insurance-like proceeds, and then with respect to the excess only against the insurance company and/or other third parties who might be responsible to Shkolnikov under bad faith or other theories with respect to the judgments. Plaintiffs are not to proceed against the debtor or the debtor's estate. Plaintiffs are not asking and do not seek to enforce any judgment against either the debtor or the debtor's estate.

10. Plaintiffs' claims will have no effect on the debtor's estate, as petitioners are to proceed only against the available insurance and insurance-like proceeds, and if these are insufficient against the insurance company and possibly others with the assignment of rights. None of the rights being assigned are listed as assets of the Debtor, and these rights remain inchoate until such time as the Plaintiffs obtain judgments against the Debtor in excess of the insurance proceeds. Even then, the Debtor's attorney has stated at the First Meeting of Creditors that these rights have no value. These rights are sort of intertwined with the claim of each individual Petitioner, and as a practical matter can not be separated and made distinct from each individual Petitioner.. There are no other creditors except Citibank Aadvantage and that creditor will be paid in full if the relief asked for is granted and the plaintiffs herein are successful in any bad faith type of litigation.

11. Plaintiffs in the related motion have requested that this Court grant relief from stay in or order to permit its claim to proceed in the California consolidated civil actions.

12. Plaintiffs pray that the following relief be granted and order entered into:

14

(a)       Pursuant to 11 U.S.C. § 362(d), the automatic stay imposed pursuant to 11 U.S.C. § 362 (a) be and terminated, to permit Named and listed Plaintiffs to proceed against the debtor, Yury Shkolnikov in a pending state court actions in Los Angeles Superior Court in California Civil Actions 246213 and 246237, only to the extent of the Debtor's available insurance and insurance-like coverage, and to the extent amounts in excess of said insurance and insurance-like coverage can be obtained from. Metropolitan Property and Casualty Insurance Company and any other individual or entity. In the event any Judgment obtained can not be paid in full from available insurance and insurance-like coverage each listed Plaintiff is assigned all rights the Debtor and/or the Debtor's estate may have pursuant to chapters 93A and 176D of Massachusetts and/or bad faith law, and or common or statutory law of any applicable jurisdiction against Metropolitan Property and Casualty Insurance Company and any other individual or entity with respect to the Judgment obtained. The Plaintiffs shall have no rights to collect from the Debtor or from the Debtor's estate, and shall make no efforts to enforce any excess judgment against either the Debtor or the Debtor's estate.

(b)    In the event the Plaintiff or any individual Plaintiff collect any excess judgment against Metropolitan Property and Casualty Insurance Company or any other individual or entity, before any distribution to the Petitioners or any one of the Petitioners, Citibank Aadvantage is to be paid $3492.00.

Plaintiffs by their attorney,

Marc S. Alpert
Marc S. Alpert,P.C.
50 Congress St., suite 225
Boston, MA 02109
Tel: 617 227-2380
Fax: 617 367-8840
e-mail: trepla4133@aol.com

15

#19     Igor Rabovsky-- One of named and listed plaintiffs
#20     Sergey Rabovsky-- One of named and listed plaintiffs

#21     Marat Romanosky—Signed settlement and gave release that covers Shan Trac assignment

#22     Svetlana Romanovsky-- Signed settlement and gave release that covers Shan Trac assignment

#23     Veronica Romanovsky-- Signed settlement and gave release that covers Shan Trac assignment

#24     Yelana Romanovsky-- Signed settlement and gave release that covers Shan Trac assignment

#25     Shan Trac, Inc.—Any pending claim being assigned to Named and Listed Plaintiffs and to Romanovskys whose release of Shkolnikov includes assignment and agreed to dismissal with prejudice of its case independently wipes out assignment

#26     Shan Trac, Inc—Any pending claim being assigned to Named and Listed Plaintiffs and to Romanovskys whose release of Shkolnikov includes assignment and agreed to dismissal with prejudice of its case independently wipes out assignment This claim for property damage has been paid in full and dismissed, not pending.

#27     Shan Trac, Inc. – The claim for property damage has been paid in full and dismissed, not pending.

#28     Thrifty Rent-A-Car System—no claim pending

#29     Thrifty, Inc. –no claim pending