2001 Negotiations

*GCR*

JUN-01-01 FRI 03:58 PM  FAX NO.  P. 02/03

# MORRISON, MAHONEY & MILLER, LLP

Counsellors AT LAW

| ACHUSETTS | 250 SUMMER STREET | MASS |
| --- | --- | --- |
| John P Graceffa | CONNECTICUT | roam | HARTFORD |
|  | BOSTON MASSACHUSETTS 02210-1131 | Raynham |  |
| 617 737 0054 | 617 439-7500 |  |  |
|  | FACSIMILE 617 479-7590 | NEW YORK |  |
| PORT | SPRINGFIELD | WORCESTER |  |
| William A. Schneider |  | YARMOUTH |  |
| 617-439-7173 |  |  | ENGLAND |
| ISLAND |  | RHODE |  |
|  |  | PROVIDENCE |  |

June 1, 20131

<u>VU FACSIMILE, (61 a) 367.8840</u>

Mare S. Alpert, p.C_
50 Congress Street
Suite 225
Boston, MA 02109

R1?:    Yuri Slikolnikov
VS:     Metropolitan Property and Casualty Insurance Company
        Claim No.: CRAI 1745VF
        Claimants; Multiple
        Date of Loss- March 8, 2000
        Our File No.: D-4S 106

Dent Mr. Alpert.

This will acknowledge receipt of your facsimile correspondence dated Map 28, 2001 in which you indicate that your office will be forwarding a motion to the Federal Court requesting the division and distribution of Mr- Shkolnj-kvv's $300,000 policy limit- You have also indicated that Melropolitan'.s failure to assent to this motion will be considered *an unfair or deceptive act or practice* under G-L- c.93A and 176D, and also a predicate act under California law that may expose Metropolitan to extra contractual liability.

First and foremost, we wish to *point* out at the Scheduling Conference before Judge Lirldsey it *was ordered* that dispositive motions be tiled with the court on or before August S, 2001 _ Any reply or opposition to such motions would be due on or before September 25, 2001. This motion schedule was *aced* to by all parties who participated *in the* Scheduling Conference, including yourself, without *objection.* Consequently, it appears as if any request for division and distribution of Mr. Shkolnikov's policy limit prior to the date set forth in the court's briefing schedule appcars to he premature and constitutes nothing more titan a dilatory tact;,, conceived to circumvent the court's briefing schedule and to use threats of bad faith to force Metropolitan to take a position that would constitute a breach of its present obligations 16 Mr. Shkolnikov.

M II-01-01 FRI 03:57 PM  FAX ISO.  P. 03/03

*MORRISON, MAHONEY & MILLER*, LLP

*Marc* S. Alpert, *Esq.*
311110 *1, 2001*
Page 2

Metropolitan has conducted, and continues to conduct, its handling of this matter In good Faith and rejects the notion that any of its conduct constitutes unfair or deceptive acts or practices. Should you have any questions or concerns regarding this matter, please do not hesitate to telephone.

                                                          Very *truly* yours,
                                                          John P, Graceffa

WA S:bko
                                                          William A. Schneider

June 30, 2001 to John P. Gracella & William A. Schneider
Shkolnikov v. Metropolitan, Multiple Claimants, Demand and Bad Faith Letter
Page 1 of 1

TELEPHONE 617-227-2380

FAX 617-367-8840

J.A. Alpert
(1939-1973)

# Marc S. Alpert, P.C.
ATTORNEY AT LAW
50 CONGRESS STREET, SUITE 225
BOSTON, MA 02109-4002

*Marc S. Alpert*
*Attorney-at-Law*

June 30, 2001

<u>Fax to 1-617-439-7590 and hand-deliver and certified mail</u>
John P. Gracella
William A. Schneider
Morrison, Mahoney & Miller
250 Summer Street
Boston, MA 02210

RE:   Yuri Shkolnikov
VS:   Metropolitan Property and Casualty Insurance Company
     Claim No.: CRAI 1745VF
     Claimants: Multiple
     Date of Loss: March 8, 2000
     Your File No.: D-45106

Dear Mr. Gracella and Mr. Schneider:

I received Mr. Schneider's voice mail message yesterday concerning the proposed release that I forwarded last week. The day before I had talked with Mr. Gracella. It appears that another long delay in response from Metropolitan is intended. My view is that in the last few months, the only time Metropolitan responds at all is after receipt of strong letters. The passengers as a group are adamantly opposed to any more delays, long or short. Almost all if not all the passengers believe that an equal split is unfair as to him or her, but have agreed to go along with an equal split in an effort for a quick and simple resolution. I have communicated orally and in writing many times, that delay in closing an eleven way equal split of the $300,000.00 policy (plus any earned interest) could be tantamount to Metropolitan's deliberate obstruction.

The purpose of this letter is to enumerate or list what I consider the facts or the circumstances to be. A corollary purpose is to establish a written record in the event large judgments are obtained in the California cases against Mr. Yury Shkolnikov and all or some of the passengers demand that Metropolitan pay pursuant to California law the entire judgment, including the excess over the $300,000.00 policy.

June 30, 2001 to John P. Gracella & William A. Schneider
Shkolnikov v. Metropolitan, Multiple Claimants, Demand and Bad Faith Letter
Page 2 of 2

This letter is being sent to you as attorneys for Metropolitan, as I understand all communications are to be so sent. If this understanding is incorrect, please advise immediately and copies of this letter will be promptly sent to Metropolitan's Chief Executive Officer.

First, Metropolitan has never made an unconditional offer to pay the $300,000.00 policy. It is the position of some and perhaps all of the passengers that Metropolitan has never made any offer to pay the $300,000.00.

Second, Metropolitan relies on 28 U.S.C. § 1335 for jurisdiction with respect to the eleven passengers. At least some if not all of the passengers contend that 28 U.S.C. requires that there be some sort of dispute amongst the claimants to the $300,000.00, and at the time the complaint was filed there does not appear to have been a known dispute amongst the claimants, and there has been an announced agreement from early May through at least early July amongst the claimants as to how the $300,000.00 should be paid.

Third, Metropolitan has claimed that it can not now settle the federal lawsuit or assent to the distribution of the $300,000.00 as that would violate the Court's scheduling order. Prior to yesterday, I had thought the claim was posturing, but maybe it is Metropolitan's position. Metropolitan's claim if correct means that anytime parties settle a lawsuit or reach agreement on some matter in contention, the parties have violated some scheduling order. I further note that Metropolitan is allowed under the scheduling order to file whatever papers it wants to file before the deadline, and, of course, the passengers or defendants could then file rapid responses. Metropolitan apparently has no intention of filing anything before the deadline. Under the circumstances, this delay in expediting the case while refusing to resolve the matter by settlement is unfair and deceptive.

Fourth, Metropolitan has not provided any evidence or affidavit from any officer or employee of Metropolitan to the effect there are no other Metropolitan policies that could or might serve to indemnify Mr. Shkolnikov. The amount of time that has now passed is tantamount to a refusal by Metropolitan to so provide.

Fifth, Mr. Yury Shkolnikov has still not provided any details as to his Citibank policy. The liability limits of the underlying auto policy match the requisite limits on basic policies that umbrella insurers require. Mr. Shkolnikov has provided an affidavit, and there appears to be no reason why he would fail to list any applicable insurance policy. The passengers for the purpose of settlement at this time accepted the affidavit, but do want the particulars of the Citibank policy.

Sixth, Mr. Yury Shkolnikov has finally provided information about his assets or an affidavit with respect to his assets. While some of the passengers may have some doubts about the completeness or accuracy of the affidavit, and while many passengers may believe that parts of the affidavit while being technically true are misleading; for purposes of settlement the affidavit is not being challenged at this time. [Except to the extent the Levin and Rabinovich superior court claim of fraudulent conveyance can be construed as a challenge.]

June 30, 2001 to John P. Gracella & William A. Schneider
Shkolnikov v. Metropolitan, Multiple Claimants, Demand and Bad Faith Letter
Page 3 of 3

Seventh, the passengers consider the delay in delivering an affidavit by Mr. Shkolnikov to be unreasonable.

Eighth, the passengers consider it unreasonable to demand or even request any sort of very broad release that goes beyond what is being settled, i.e. a claim for damages for personal injury and/or death based on one specific incident. Mr. Shkolnikov owes money to the estates of Mariya Vilner and Yury Rabinovich for a transaction or transactions that have absolutely nothing to do with the claim for injury and death. Mariya Vilner had her own automobile insured by Metropolitan, and it is contended that $8000.00 is owed to her estate and an additional $8000.00 to that of Yury Rabinovich under that policy paid for by Mariya Vilner. Metropolitan's draft release had an indemnification clause that could make each passenger indebted to Metropolitan immediately upon delivering a signed release, a clause that whether intended as such or not can be described as a trick clause. The draft release forwarded by Metropolitan is not considered a serious good faith effort.

Ninth, the eleven passengers have offered to accept the $300,000.00 plus interest divided into eleven equal shares, and nine of the passengers have offered to release Metropolitan as Shkonlikov's insurer and Mr. Shkolnikov. The remaining two (Luba Levin and Michael Rabinovich as co-administrators of the estates of Mariya Vilner and of Yury Rabinovich) have offered to release, Metropolitan as insurer and the driver, with the exception of claims on assets that they contend Yury Shkolnikov fraudulently conveyed (assets that supposedly Mr. Shkolnikov contends are not his). This offer was first made in May before the court hearing with the provision that Metropolitan and Mr. Shkolnikov provide affidavits. Metropolitan has been informed that time is of the essence and has ignored this offer and is allowing it to lapse. Now, even though Metropolitan has not provided an affidavit, the eleven passengers are still willing to so settle. A proposed release was forwarded last week to you, and Metropolitan's intention to take excessive time in responding is the event that prompted this communication.

Tenth, the eleven passengers have offered to simply accept the $300,000.00 plus interest divided into equal shares and to release Metropolitan of all claims as Shkolnikov's insurer for bad faith, excess judgment etc., except claims based on other policies of Metropolitan. Metropolitan has been informed that time is of the essence and has ignored this offer and is allowing it to lapse,

Eleventh, Metropolitan has been repeatedly told that time is of the essence, and that it is unrealistic to expect the eleven passengers to remain for any length of time in agreement to accept eleven equal shares. Metropolitan has been ignoring this warning and is willingly risking the loss of any opportunity to resolve amicably the division of the $300,000.00 policy amongst the passengers, A proposed release that fully protects Metropolitan and Shkolnikov from multi-multi-million dollar excess verdicts in California has been delivered to Metropolitan. This release gives Metropolitan and Shkolnikov everything and more that either is reasonably entitled to.

Twelth, Metropolitan has been repeatedly told of the importance of the time. It is simply unrealistic for Metropolitan to assume the opportunity to settle will remain open indefinitely. This is especially so now that the various California cases are starting to become most

June 30, 2001 to John P. Gracella & William A. Schneider
Shkolnikov v. Metropolitan, Multiple Claimants, Demand and Bad Faith Letter
Page 4 of 4

active. Most likely within the next few weeks if the $300,000.00 is not distributed in eleven equal shares before then, Luba Levin and Michael Rabinovich and others will formally notify Metropolitan that they as co-administrators of two passengers are no longer interested in anything other than obtaining two multimillion dollar judgments against the driver and demanding that Metropolitan pay both judgments in full and also pay chapter 93A damages. Metropolitan by doing nothing now is deliberating exposing its insured to multimillion-dollar judgments. The combined tort cases against Mr. Shkolnikov are now scheduled for trial in Los Angeles on January 23, 2002.

Thirteenth, it is an enigma as to what Metropolitan's purpose was and/or its plan is with respect to the lawsuit in federal court. The most likely purpose is to camouflage bad faith and unfair tactics and antics, and to unreasonably and unfairly delay the receipt by the passengers of the $300,000.00 plus interest. The long delay by Shkolnikov and the utter and total refusal of Metropolitan with respect to the affidavit request is a matter of extreme concern and extreme suspicion. The refusal of Metropolitan to consent to the distribution of the $300,000.00 plus interest at this time, combined with Metropolitan's stone-walling more than reasonable attempts by the passengers to resolve the distribution problem is strong evidence that the federal lawsuit was filed in bad faith and its filing and prosecution constitute unfair and/or deceptive acts and/or practices.

Fourteenth, it is absolutely impossible for me with my limited verbal abilities to convey in this letter the extreme unhappiness that some of the passengers have with the delays in receiving the moneys. There appears to be no rational reason for this delay. Rationally, it should be Metropolitan that is pushing and pushing to pay the moneys and to rescue both itself and its policyholder from financial catastrophe. If Metropolitan allows this opportunity to be lost, in any subsequent lawsuit brought to force it to pay the multi-multi-million dollar judgments that will certainly be obtained against Mr. Shkolnikov, Metropolitan's only possible defense will be some sort of corporate insanity defense.

**On July 25, 2001 (that may be continued to August 2, 2001) there is a Court hearing in the consolidated California tort cases in Los Angeles. If there is going to be a settlement with Mr. Shkolnikov and his departure from these cases as a direct defendant, we want it done before that date, and this letter is formal notice that if the passengers do not notify Metropolitan before the hearing that the offer to split the policy eleven ways is withdrawn, the offer should be considered withdrawn the moment that Court session in Los Angeles starts. The moment that Court session starts, Metropolitan should plan on paying the full amount of any judgments the passengers obtain against Mr. Shkolnikov.**

Notwithstanding the previous paragraph, General Laws chapter 93A of Massachusetts General Laws may provide Metropolitan with thirty days after receipt of this letter to respond. This thirty-day requirement is academic, as it is contemplated that any post-judgment litigation against Metropolitan by the passengers will be in California under California law. Also, it is assumed that if Metropolitan has not paid or joined in releasing the funds by the time of the Court hearing, Metropolitan will not in the few days after the Court

June 30, 2001 to John P. Gracella & William A. Schneider
Shkolnikov v. Metropolitan, Multiple Claimants, Demand and Bad Faith Letter
Page 5 of 5

hearing and the expiration of the thirty days do so. Nevertheless, Luba Levin and Michael Rabinovich (and I assume some or all of the other passengers) will after the start of the California Court hearing and before the expiration of the thirty day chapter 93A time (if there is such an interval) entertain any bona fide offer of settlement, however, a bona fide offer of settlement to all passengers during that interval will almost certainly by definition be one that exceeds the total of $300,000.00 (plus interest) that Metropolitan has paid into Court.

Very truly yours,

Marc Alpert


cc: Attorney Arnold Schwartz (e-mail)
Attorney Steve Fendler (e-mail)
Attorney Stuart Jones (fax)
Mr. Alex Pevtsov (e-mail)
Luba Levin and Michael Rabinovich
Attorney Richard Denney (e-mail)
Attorney Brian Chase (e-mail)