Releases

FROM TRANSCRIPT 9-8-04 Before Honorable Judge Lindsey

MR. ALPERT: Yes, with respect to the releases,
16  your Honor, we raised the question with -- regarding the
17  problems with the release at the 1st Circuit. And my reading
18  of the opinion is they agreed with us, but told us that the
19  remedy was to come down below and make a Rule 60(b) motion,
20  which we did. You denied it, and perhaps I should make a
21  second 60(b) motion and have it revisited.
22      **THE COURT: Well, what is it -- a Rule 60(b) motion**
23  **to vacate the judgment in as far as it would release the whole**
24  **world, something like that, release more people than the people**
25  **who are -- my recollection of the 1st Circuit opinion is that**

33

1  **the releases were too broad.**
2      **MR. GRACEFFA: Correct.**
3      **MR. ALPERT: Yes.**
4      THE COURT: So the Rule 60(b) motion would be to
5  revise the order so that it can be narrowed to conform to the
6  order of the 1st Circuit?
7      MR. ALPERT: Yes.
8      THE COURT: So I guess -- did you do that?
9      MR. ALPERT: We did it -- we asked for dual
10  relief. First off, there was language in there that indicated
11  that perhaps the release wasn't -- an interpleader release is
12  not necessarily a requirement. So we -- in the motion, if my
13  recollection is correct, we asked the release be done away
14  with, and if it's not done away it, it be narrowed. The motion
15  was just denied without either relief being granted.
16      I think under the circumstances I'll probably file
17  another Rule 60(b) motion and have the issue revisited.
18      MR. GRACEFFA: I think it's a ministerial problem,
19  your Honor. I think the 1st Circuit was pretty clear. I think
20  we cut a line out of it, and all others -- I don't remember the
21  language, that's fine --
22      THE COURT: Well, there's a mandate from the
23  1st Circuit that I have to do something, and I think what we
24  should do is to -- you need to present something to me that
25  actually implements the mandate of the 1st Circuit, I think is

34

1  what I need to have happen. And that's what I'll -- maybe you
2  can agree on that and you can jointly submit something that
3  will implement the mandate of the 1st Circuit. Obviously, I'm
4  going to do what I'm required to do under the order of the

TELEPHONE 617-227-2380

FAX 617-367-8840

# Marc S. Alpert, P.C.

J.A. Alpert
(1939-1973)

ATTORNEY AT LAW
50 CONGRESS STREET, SUITE 225
BOSTON, MA 02109-4002

*Marc S. Alpert*
*Attorney-at- Law*

December 12, 2002

Fax to 1-617-439-7590 and mail
John P. Gracella, Esq
Morrison, Mahoney & Miller
250 Summer Street
Boston, MA 02210

RE:    Yuri Shkolnikov
VS:    Metropolitan Property and Casualty Insurance Company
       Claim No.: CRAI 1745VF
       Claimants: Multiple
       Date of Loss: March 8, 2000
       Your File No.: D-45106

Dear Mr. Gracella

This will confirm that I have a collection of 18-signed releases, including four that are signed by the unnamed and unserved claimants. I showed these to the panel on Friday and offered them to you. You declined to accept and said you would wait for the Court's decision.

You may want to consult with Metropolitan and with Mr. Shkolnikov. Metropolitan has probably paid many thousands of dollars for a case that defines economic waste and needless litigation. Metropolitan may want to end this matter. As for Mr. Shkolnikov, he may have a different view of your declining to accept releases that release him.

Mr. Denney and Mr. Fendler will never allow releases to be executed that are not specifically limited to Mr. Shkolnikov.

If a large judgment is obtained against Mr. Shkolnkov and he is forced into bankruptcy, I suspect the bankruptcy court will take a dim view of your decision not to accept these releases and have the money paid. Please note that if the money is not received by 5 PM December 24, 2002, the releases self-destruct. I suspect a bankruptcy court will authorize the claimants to sue just about everybody. I note that Metropolitan has completely failed to properly defend Mr.Shkolnikov in the tort cases.

If you change you mind in time for the money to be received by December 24, 2002 at 5PM, please let me know and I will have the original releases delivered to you.

Very truly yours,

Marc Alpert

cc: awschwartz@msandalaw.com,
eschlickman@msandalaw.com,
wadaniels@msandalaw.com,
info@esjlaw.com,
Rdenney@dennbarr.com,
Richardandlydia@earthlink.com,
Langel@dennbarr.com,
Lbarrett@dennbarr.com,
SRaph94446@msn.com,
bchase@bisnar-chase.com,
AlekWMN@aol.com,
Mpevts@aol.com,
MVR100@yahoo.com,
Lchaim120@aol.com,
Mgj1979@aol.com,
sfendler@fendlerlaw.com,
br912@hotmail.com,
srabovsky@hotmail.com,
dakushuurajou@hotmail .com,
geglk@aol.com,
mgj1979@aol.com,
wiseeagle@earthlink.net,
adhulsey@yahoo.com,
dlivit@aol.com,
geglk2002@yahoo.com,
rabovsky@nycap.rr.com,
langel2@cox.net.,

TELEPHONE 617-227-2380                                                      FAX 617-367-8840

# Marc S. Alpert, P.C.
### ATTORNEY AT LAW
50 CONGRESS STREET, SUITE 225
BOSTON, MA 02109-4002

*Marc S. Alpert*
*Attorney-at- Law*

September 24, 2002

Fax to 1-617-439-7590
Richard W. Jensen, Esq
Morrison, Mahoney & Miller
250 Summer Street
Boston, MA 02210

Dear Mr. Jenson:

Do you intend to send me a complete set of papers?

Of more importance, about two weeks ago I met with your associate, and told her what was needed so that all of the claimants can release Mr. Shkolnikov and obtain the $300,000.00 in the eleven equal shares. There has been no response at all. Last week, I advised the attorney whom Metropolitan hired in California to advise Mr. Shkolnikov to get a private lawyer and sue Metropolitan to get the settlement effectuated.

To remind you, we want the release form changed to add some language t make it clear that only Shkolnikov is being released and not Thrifty and not its franchisee, etc.

Also, we want or need some language to allow the claimants to receive the shares, as they want them divided. I had asked for this language in March. If this language had been provided then, two of the five family groupings most probably would have given releases at that time and four of the eleven shares already distributed.

In my opinion, this case is a perfect example of economic waste. Insurance companies complain about frivolous lawsuits driving up costs. This is a perfect example, the $300,000.00 could have been paid and should have been paid in July or August 2000, and instead we now have had two years of pure delay and waste. Now, there is another chance to end this madness, and again Metropolitan or MMM is deliberately ignoring the claimants.

Very truly yours,



Marc Alpert

awschwartz@msandalaw.com,
eschlickman@msandalaw.com,
wadaniels@msandalaw.com,
info@esjlaw.com,
Rdenney@dennbarr.com,
Richardandlydia@earthlink.com,
Langel@dennbarr.com,
Lbarrett@dennbarr.com,
SRaph94446@msn.com,
bchase@bisnar-chase.com,
AlekWMN@aol.com,
Mpevts@aol.com,
MVR100@yahoo.com,
Lchaim120@aol.com,
Mgj1979@aol.com,
sfendler@fendlerlaw.com,
br912@hotmail.com,
srabovsky@hotmail.com,
dakushuurajou@hotmail .com,
geglk@aol.com,
mgj1979@aol.com,
wiseeagle@earthlink.net,
adhulsey@yahoo.com,
dlivit@aol.com,
geglk2002@yahoo.com,
rabovsky@nycap.rr.com,
langel1@cox.net,