From: Marc S. Alpert To: Fax#16173678840    Date: 9/21/2004 Time: 11:19:02 AM    Page 1 of 12
Case 1:04-cv-11074-DPW    Document 10-7    Filed 09/21/2004    Page 1 of 12
Search - 100 Results - trustee abandoning property to creditors    Page 1 of 12
From: Marc S. Alpert To: Fax#16173678840    Date: 9/21/2004 Time: 11:19:02 AM    Page 1 of 12
Case 1:04-cv-11074-DPW    Document 10-7    Filed 09/21/2004    Page 1 of 12
Search - 100 Results - trustee abandoning property to creditors    Page 1 of 12

Source: Legal > Area of Law - By Topic > Bankruptcy > Cases and Court Rules > US Courts Bankruptcy Cases
Terms: **trustee abandoning property to creditors** (Edit Search)

✔Select for FOCUS™ or Delivery
☐

*151 B.R. 103, \*; 1992 U.S. Dist. LEXIS 20898, \*\*;*
*36 ERC (BNA) 1565*

IN THE MATTER OF: MCI, INC., TAX I.D. NO. 38-1748795 Debtor.

CASE NO. 92-CV-71679-DT HON. LAWRENCE P. ZATKOFF

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

151 B.R. 103; 1992 U.S. Dist. LEXIS 20898; 36 ERC (BNA) 1565

October 27, 1992, Decided

### CASE SUMMARY

**PROCEDURAL POSTURE:** The debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code, 11 U.S.C.S. § 301. The **trustee** filed an application to abandon assets, and the Bankruptcy Court (Michigan) issued a memorandum opinion and order, which ordered the **trustee** to abandon the debtor's interest in real **property** to the Environmental Protection Agency (EPA) and abandon all unadministered assets. The debtor appealed.

**OVERVIEW:** The court reviewed the bankruptcy court proceedings and determined that the debtor had standing to appeal the bankruptcy court's proceeding because it affected the terms, conditions, and extent of the debtor's discharge in bankruptcy. Further, because the debtor did not challenge the bankruptcy court's factual determinations, the court accepted the bankruptcy court's factual determinations as correct. The court held that (1) neither party came forward with any evidence on the issue of imminent harm to the public; thus, no imminent harm existed at the site and (2) there were no unencumbered assets available to the **trustee** to finance the clean up of the site's soil. Thus, the court concluded that it was proper for the bankruptcy court to permit the **trustee** to abandon the **property.** The court refused to remand because the bankruptcy court's factual finding that the value of the **property** was diminished to the point where it was unmarketable was not ambiguous or silent. Finally, because the unadministered **property** would not generate funds for unsecured parties, it was proper for the bankruptcy court to order the **trustee** to abandon it.



**OUTCOME:** The court affirmed the bankruptcy court's judgment, which ordered the trustee to abandon the debtor's interest in real property to the EPA and the Department of Natural Resources and to abandon all unadministered assets.

**CORE TERMS:** abandon, real property, abandonment, site, soil, environmental, clean, conclusions of law, imminent threat, imminent harm, unadministered, unencumbered, cleanup, public health, inconsequential, imminent danger, hazardous, expended, cleaned, drums, remedial action, manufacturers, burdensome, personal property, de novo review, matter of law, unmarketable, one-million, equalized, abandoned

From: Marc S. Alpert  To: Fax#16173678840    Date: 9/21/2004  Time: 11:19:02 AM    Page 2 of 12
Case 1:04-cv-11074-DPW    Document 10-7    Filed 09/21/2004    Page 2 of 12
Search - 100 Results - trustee abandoning property to creditors    Page 2 of 12

## LexisNexis(R) Headnotes ♦ Hide Headnotes

Bankruptcy Law > Practice & Proceedings > Appeals
Civil Procedure > Appeals > Standards of Review > Clearly Erroneous Review
**HN1** The Sixth Circuit set forth the applicable standard of review which district courts must apply in bankruptcy appeals. As to conclusions of law, the district courts apply a de novo standard of review. However, factual determinations which the bankruptcy court has made are subject to the clearly erroneous standard of review. Only where there is the most cogent evidence of mistake or miscarriage of justice may the district court disturb a factual finding made by the bankruptcy court. More Like This Headnote

Bankruptcy Law > Practice & Proceedings > Appeals
Civil Procedure > Justiciability > Standing
**HN2** In order for a party to have standing to appeal a bankruptcy court's decision, the party must be "an aggrieved party." The general rule is that the debtor is not an aggrieved party. However, a debtor has standing to appeal a bankruptcy court's order in the following two situations: (1) If a successful appeal by the debtor would create an estate that has assets in excess of liabilities; or (2) an appeal taken from orders that affect the terms, conditions and extent of a debtor's discharge. More Like This Headnote

Bankruptcy Law > Practice & Proceedings > Appeals
Civil Procedure > Appeals > Standards of Review > Clearly Erroneous Review
**HN3** The bankruptcy court's factual determinations will only be disturbed where there is the most cogent evidence of mistake or miscarriage of justice. More Like This Headnote

Bankruptcy Law > Estate Property > Abandonment
**HN4** 11 U.S.C.S. § 554(a) provides that after notice and a hearing, the **trustee** may abandon any **property** of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate. More Like This Headnote

Bankruptcy Law > Estate Property > Abandonment
**HN5** A **trustee's** right to abandon **property** pursuant to 11 U.S.C.S. § 554(a) is not an absolute one. More Like This Headnote

Bankruptcy Law > Estate Property > Abandonment
**HN6** In determining whether abandonment is proper, the courts examine two factors. First, whether the **property** constitutes an imminent threat to the health and safety of the public. Second, whether the estate has unencumbered assets. If the estate has unencumbered assets, then the bankruptcy court should require stricter compliance with state environmental law before abandonment is permitted. More Like This Headnote

Bankruptcy Law > Estate Property > Abandonment
**HN7** Under 11 U.S.C.S. § 544(a) a **trustee** may only abandon an asset of the estate if the asset is either burdensome or is of inconsequential value and benefit to the estate. More Like This Headnote

Bankruptcy Law > Practice & Proceedings > Appeals
**HN8** The district court may not make its own independent factual findings. If the bankruptcy court's factual findings are silent or ambiguous as to an outcome determinative factual question, the district court may not engage in its own

factfinding but, instead, must remand the case to the bankruptcy court for the necessary factual determination. More Like This Headnote

Bankruptcy Law > Chapter 7 (Liquidation) > Trustees

**HN9** Trustees have a duty not to administer **property** that will not generate funds for unsecured parties. More Like This Headnote

**COUNSEL:** [**1] For Jennie Muir: Jeannette A. Paskin, 155 W. Congress, Suite 600, Detroit, Michigan 48226, For Plaintiff.

For **Trustee:** Richard F. Fellrath, 600 Ford Building, Detroit, Michigan 48226, For Defendant.

**JUDGES:** ZATKOFF

**OPINIONBY:** LAWRENCE P. ZATKOFF

**OPINION:** [*105] MEMORANDUM OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse, in the City of Detroit, State of Michigan, on the 27th day of October, 1992.

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF, UNITED STATES DISTRICT JUDGE

This matter is before the Court on debtor Jennie Muir's/MCI, Inc.'s ("debtor") appeal from an Order of a Bankruptcy Court entered November 26, 1991. n1 Bankruptcy **Trustee** George Dakmak ("**trustee**") filed a brief in response to the appeal to which the debtor filed a reply. For the reasons set forth below, this Court affirms the Bankruptcy Court's holding in this case.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 Jennie Muir, by virtue of her husband's death, is the principal shareholder of MCI, Inc..

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

I. BACKGROUND

MCI was a closely held corporation. MCI was in the business of removing [**2] paint and rust from metal parts. MCI's principal customers were automotive manufacturers and parts manufacturers. Robert Muir was the president and the principal shareholder of MCI. He died in April 1988. Jennie Muir is the independent personal representative of Robert Muir's estate. On April 21, 1988, MCI filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 301.

According to the Voluntary Petition, as of April 20, 1988, the total assets of MCI were $ 100,000 with total liabilities of $ 176,337.68, of which $ 110,602.64 was secured. The State of Michigan's equalized value of MCI's real **property** was $ 232,000. n2 None of the **trustee's** interim reports assigned a value to the real **property.**

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n2 MCI owned and operated a paint and rust stripping business as well as a cooper plating operation. In addition, MCI blended stripping and cleaning solutions for commercial sale at the MCI facility. MCI was located at 666 Harper, in Detroit, Michigan. The real **property** consisted of an office building, 2 warehouses, a production facility, parking lots, and storage areas.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - [**3]

In July 1989, the **trustee** brought an Application to Abandon Assets. n3 The Environmental Protection Agency ("EPA") and the Michigan Department of Natural Resources ("DNR") objected to the **trustee's** application to abandon assets on the grounds that a DNR's preliminary investigation revealed that hazardous and injurious substances existed on the site. The Bankruptcy Court denied the **trustee's** application to abandon assets and allowed the DNR to have access to MCI's **property.**

- - - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n3 As a general rule, a **trustee** may abandon **property** of the debtor after notice and hearing if the **property** is burdensome or is of inconsequential value and benefit to the estate. 11 U.S.C. § 554(a).

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

On June 6, 1990, the EPA issued a unilateral Administrative Order ("106 Order") pursuant to § 106 of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), as amended by the Superfund Amendment and Reauthorization Act of 1986, 42 U.S.C. § 9606. [**4] The 106 Order required MCI to undertake and complete emergency removal activities at the MCI **property** because the EPA "determined that there may be an imminent and substantial endangerment to public health and welfare or the environment arising from the actual or threatened release of hazardous substances at the site."

In October 1991, the **trustee** brought a second application to abandon assets. The DNR did not object to the **trustee's** application. The only issue which the EPA argued was whether it was entitled to payment for the cleanup effort it undertook at the MCI site. Only the debtor objected to the **trustee's** application and only the debtor appealed the Bankruptcy Court's decision.

On November 14, 1991, the Bankruptcy Court held a hearing on the **trustee's** application to abandon assets. The Bankruptcy [*106] Court, on November 26, 1991, issued a Memorandum Opinion and Order in which it ordered the **trustee** to: (1) turnover approximately $ 8,000 to the secured **creditor,** Manufacturers National Bank; n4 (2) abandon the debtor's interest in real **property** to the EPA and to the DNR, allowing the two agencies to remediate the **property** and then sell the **property** to recover their costs; and [**5] (3) abandon all unadministered assets.

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n4 The Memorandum Opinion and Order, as well as the debtor's brief on appeal, erroneously state that Michigan National Bank was the secured **creditor.**

From: Marc S. Alpert  To: Fax#16173678840    Date: 9/21/2004  Time: 11:19:02 AM    Page 5 of 12
Case 1:04-cv-11074-DPW    Document 10-7    Filed 09/21/2004    Page 5 of 12
Search - 100 Results - trustee abandoning property to creditors                    Page 5 of 12

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

On appeal, the debtor contends that the Bankruptcy Court made the following errors in its Memorandum Opinion and Order. First, that the Bankruptcy Court erred as a matter of law in allowing abandonment of the **property** because the Court erroneously concluded that there was insufficient evidence to prove that the site was still hazardous and presented an imminent danger. Second, that the Bankruptcy Court erred in allowing abandonment of the **property,** because the Court failed to take into account the value of the **property** when determining whether the real **property** was of inconsequential value to the estate. Third, that the Bankruptcy Court erred in ordering the **trustee** to abandoned all unadministered assets of the estate, because the **trustee** failed to adequately marshall the assets of the estate, and thus failed to satisfy the **creditor's** [**6] demands. n5

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - - -

n5 The debtor did not appeal the Bankruptcy Court's determination that the **trustee** turnover $ 8,000 to Manufacturers National Bank.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

II. OPINION

A. STANDARD OF REVIEW

HN1 The Sixth Circuit, in In re Caldwell, 851 F.2d 852 (6th Cir. 1988), set forth the applicable standard of review which district courts must apply in bankruptcy appeals. As to conclusions of law, the district courts apply a de novo standard of review. Id. at 857. However, factual determinations which the bankruptcy court has made are subject to the clearly erroneous standard of review. Id. Only where there is the "most cogent evidence of mistake or miscarriage of justice" may the district court disturb a factual finding made by the bankruptcy court. Id.

B. STANDING

As stated above, the debtor is the party who appealed the Bankruptcy Court's opinion. HN2 In order for a party to have standing to appeal a bankruptcy court's decision, the party must be "an aggrieved [**7] party." In re Revco D.S., Inc., 901 F.2d 1359, 1360 (6th Cir. 1990). The general rule is that the debtor is not an aggrieved party. Troy Plastics v. North Hills II, 129 Bankr. 473, 475 (E.D. Mich. 1991) (Duggan, J.) (citing In re El San Juan Hotel, 809 F.2d 151, 154-55 (1st Cir. 1987)). However, a debtor has standing to appeal a bankruptcy court's order in the following two situations:

> (1) If a successful appeal by the debtor would create an estate that has assets in excess of liabilities; or (2) an appeal taken from orders that affect the terms, conditions and extent of a debtor's discharge.

Troy Plastics, 129 Bankr. at 475 (citing In re El San Juan Hotel, 809 F.2d at 155 n.6).

In the instant case, the Bankruptcy Court's Order of Abandonment affects the terms,

From: Marc S. Alpert To: Fax#16173678840  Date: 9/21/2004 Time: 11:19:02 AM  Page 6 of 12
Case 1:04-cv-11074-DPW   Document 10-7   Filed 09/21/2004   Page 6 of 12
Search - 100 Results - trustee abandoning property to creditors  Page 6 of 12

conditions and extent of the debtor's discharge in bankruptcy, because the Order of Abandonment leaves the debtor personally liable for the EPA's clean-up costs. Accordingly, the debtor has standing to bring this appeal.

C. ABANDONMENT OF THE ESTATE

The debtor [**8] contends that, as a matter of law, the Bankruptcy Court erred in allowing the **trustee** to abandon the real **property**. The first issue which this Court must address is whether the Bankruptcy Court's alleged error constituted a factual finding or a conclusion of law. The debtor characterizes the issue on appeal as whether "the Bankruptcy Court erred as a matter of law in concluding that there was no imminent danger or harm to the public" in permitting [*107] the **trustee** to abandon the real **property**. A close reading of the debtor's brief on appeal and the Bankruptcy Court's opinion reveals the following. First, the Bankruptcy Court made the following conclusions of law which pertain to the right of the **trustee** to abandon the real **property** is issue:

> 1. that the **property** did not constitute an imminent harm or danger to the public;
>
> 2. that the **trustee** had no unencumbered assets to finance a cleanup of the soil; and
>
> 3. that based on these conclusions of law, that the **trustee** shall abandon the debtor's interest in the real **property** to the possession of the E.P.A. and the D.N.R. n6

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n6 The debtor contends that there is a question as to who owns the real estate, because the Bankruptcy Court denied a motion for reconsideration of its Memorandum Opinion and Order. However, since neither the EPA nor the DNR appealed the Bankruptcy Court's decision, the issue of ownership is not properly before this Court.

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - - - [**9]

The bankruptcy court based the above-mentioned conclusions of law on the following factual findings that the bankruptcy court made:

> 1. the EPA cleaned up the following hazardous substances on MCI's **property:**
>
>> a. 500-700 containers of miscellaneous chemicals;
>>
>> b. 225 drums of corrosive waste;
>>
>> c. 200 drums of organic and solvent waste;
>>
>> d. 7,700 gallons of solvent waste in seven above ground vats;
>>
>> e. 7,000 gallons of sledge;

From: Marc S. Alpert  To: Fax#16173678840    Date: 9/21/2004  Time: 11:19:02 AM    Page 7 of 12

Case 1:04-cv-11074-DPW    Document 10-7    Filed 09/21/2004    Page 7 of 12
Search - 100 Results - trustee abandoning property to creditors                        Page 7 of 12

      f. 80 drums of unknown substances;

      g. 30,000 drums of corrosive liquids in fourteen vats;

      h. 6 inches of corrosive sludge (approximately) in vats; and

    2. the total cost of the clean up was $ 905,973.35;

The Bankruptcy Court, in its conclusions of law, also noted that neither the **trustee**, the EPA, nor the debtor furnished the Bankruptcy Court with information on the issue of whether the real **property** constituted an imminent harm or danger to the public. As stated above, this Court will review the above-mentioned conclusions of law de novo. However, HN3 the bankruptcy court's factual determinations will only be disturbed where there is the "most cogent evidence of mistake or miscarriage of justice." In re Caldwell, 851 F.2d 852, 857 (6th Cir. 1988). [**10]

HN4 11 U.S.C. § 554(a) provides that:

> After notice and a hearing, the **trustee** may abandon any **property** of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

HN5 A **trustee's** right to abandon **property** pursuant to § 554(a) is not an absolute one. The United States Supreme Court, in Midlantic Nat'l Bank v. New Jersey Dept of Environmental Protection, 474 U.S. 494, 106 S.Ct. 755, 88 L. Ed. 2d 859 (1986), held that Congress, when it enacted § 554(a), did not grant a **trustee** the right to "abandon **property** in contravention of a state statue or regulation that is reasonably designed to protect public health or safety from identified hazards." 474 U.S. 494, 507, 106 S.Ct. 755, 762 (1986). Although the Supreme Court did not allow the **trustee** to abandon the **property** in issue in Midlantic, the Supreme Court accentuated the point that the exception it recognized to the **trustee's** power to abandon **property** pursuant to § 554(a) was a narrow one. The Supreme Court stated that:

> It [the exception] does not encompass a speculative or indeterminate future violation [**11] of such laws that may stem from abandonment. The abandonment power is not to be fettered by laws or regulations not reasonably calculated to protect the public health or safety from imminent and identifiable harm.

Id. at 507 n.9, 106 S.Ct. at 762 n.9.

Courts that have addressed a **trustee's** right to abandon **property** after the Midlantic decision have consistently held that, where the **property** in issue violates state environmental laws, that the **trustee** may still, in limited situations, abandon the [*108] site. n7 HN6 In determining whether abandonment is proper, the courts examine two factors. First, whether the **property** constitutes an imminent threat to the health and safety

From: Marc S. Alpert  To: Fax#16173678840            Date: 9/21/2004  Time: 11:19:02 AM                    Page 8 of 12
Case 1:04-cv-11074-DPW    Document 10-7    Filed 09/21/2004    Page 8 of 12
Search - 100 Results - trustee abandoning property to creditors                        Page 8 of 12

of the public. Second, whether the estate has unencumbered assets. If the estate has unencumbered assets, then "the bankruptcy court should require stricter compliance with state environmental law before abandonment is permitted." In re Better-Brite Plating, Inc., 105 Bankr. 912, 919 (Bankr. E.D. Wis. 1989).

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n7 See, e.g., In re Smith-Douglass, Inc., 856 F.2d 12 (4th Cir. 1988); In re Anthony Ferrante & Sons, Inc., 119 Bankr. 45 (D.N.J. 1990); In re Doyle Lumber, Inc., 137 Bankr. 197 (Bankr. W.D. Va. 1992); In re Better-Brite Plating, Inc., 105 Bankr. 912 (Bankr. E.D. Mich. Wis. 1989); In re Microfab, Inc., 105 Bankr. 161 (Bankr. D. Mass. 1989); In re Purco, 76 Bankr. 523 (Bankr. 523 (Bankr W.D. Pa. 1987); In re Oklahoma Refining Co., 63 Bankr. 562 (Bankr. W.D. Ok. 1986).

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - [**12]

Here, the debtor appeals the Bankruptcy Court's decision allowing abandonment of the real estate on the ground that the Bankruptcy Court improperly concluded that there was no imminent danger of harm to the public. n8 MCI contends that if the bankruptcy court, in 1989, banned the **trustee from abandoning** the real **property** on the grounds of imminent harm to the public, that, in 1991, there was even more information before the Bankruptcy Court that would have sustained a finding that the **property** should not be abandoned because of the imminent harm to the public safety. The debtor also argues that the **trustee** bears the burden of proving that there is no imminent danger to the public and that the **trustee** failed to carry this burden.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n8 MCI did not appeal the bankruptcy court's determination that the **trustee** had no unencumbered assets to finance a clean up of the soil.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - -

At the outset, this Court notes that the debtor does not challenge any of the Bankruptcy Court's factual determinations, and thus this Court accepts the [**13] Bankruptcy Court's factual determinations are being correct. The **trustee** produced evidence that the surface area of the **property** was not an imminent threat to the public health. The EPA expended nearly one-million dollars in clean-up costs at this site. Furthermore, unlike the situation in 1989, neither the EPA nor the DNR, in 1991, opposed the **trustee abandoning** the site. A reasonable inference from this is that the agencies did not opine that the **property** was an imminent threat to the public. Moreover, the debtor has failed to offer any evidence that the site in issue constitutes an imminent threat to the public. The fact that the Bankruptcy Court, in 1989, held that the **trustee** could not abandon the **property** is simply irrelevant to the Bankruptcy Court's 1991 determination.

The only meritorious argument that the debtor raises on appeal is the fact that the Bankruptcy Court stated that "very high levels of petroleum hydrocarbons far exceeding allowable levels of the Michigan Safe Drinking Water Act" existed in the soil in 1989. n9 The Bankruptcy Court went on to state that since no party has come forward with any evidence on the issue of imminent harm to the public, that [**14] no imminent harm exists at this site. n10 Therefore, what the Bankruptcy Court did was to hold that in spite of the violation of state environmental laws, that there still was not an imminent threat of harm to the

From: Marc S. Alpert  To: Fax#16173678840   Date: 9/21/2004  Time: 11:19:02 AM   Page 9 of 12
Case 1:04-cv-11074-DPW   Document 10-7   Filed 09/21/2004   Page 9 of 12
Search - 100 Results - trustee abandoning property to creditors

public.

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n9 To date, there is no evidence that the soil has been cleaned up.

n10 The Bankruptcy Court noted that the money which the EPA expended on this site was limited to the remediation of the above ground problems at the site.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

This Court agrees with the Bankruptcy Court on this issue. It is undisputed that the EPA expended nearly one-million dollars to clean up the above ground part of this site. It is also undisputed that the **trustee** abandoned MCI's interest in the real **property** to the possession of the EPA and the DNR. n11 This completely undermines [*109] the debtor's contention that the Bankruptcy Court, by allowing abandonment in this case, "renders the public health and safety inadequately protected since the effect of abandonment is that the ownership and control of the asset is reinstated [**15] in the debtor with all rights and obligations as before filing a Petition in Bankruptcy." This is simply not true. The Bankruptcy Court ordered that the EPA and the DNR, governmental agencies which protect the public from environmental harms, take possession of the **property,** clean it up, and then sell it.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n11 This Courts notes that upon its own research it discovered, In re Wall Tube & Metal Products Co., 831 F.2d 118 (6th Cir. 1987); the only Sixth Circuit Court of Appeals decision involving the issue of abandonment and violations of state environmental laws. Although it can be argued that In re Wall Tube & Metal Products Co. read the Midlantic exception to the **trustee's** abandonment power more expansively than the cases cited above, it is important to note the following passage from In re Wall Tube & Metal Products Co.:

> [A] continuing, potentially disastrous environmental health hazard with no one clearly responsible for remedial action [would occur if abandonment was allowed in the face of violations of state environmental laws].

831 F.2d at 122.

This is simply not the situation in the case at bar because the EPA and the DNR are in possession of the **property** and are under a duty to clean up the soil. Therefore, unlike In re Wall Tube & Metal Products Co. were no one was responsible for remedial action, in the instant case, the governmental environmental agencies are in charge of the remedial action. Therefore, the case at bar is significantly distinguishable from In re Wall Tube & Metal Products Co..

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - - [**16]

Accordingly, this Court, upon a de novo review of the Bankruptcy Court's decision permitting the **trustee** to abandon the real **property** in issue, finds that the Bankruptcy Court properly

From: Marc S. Alpert To: Fax#16173678840    Date: 9/21/2004 Time: 11:19:02 AM    Page 10 of 12
Case 1:04-cv-11074-DPW    Document 10-7    Filed 09/21/2004    Page 10 of 12
Search - 100 Results - trustee abandoning property to creditors    Page 10 of 12

ordered abandonment in this case on the grounds that there is no imminent threat of harm to the public and that the **trustee** had no unencumbered assets to finance the clean up of the soil. Therefore, this Court affirms the Bankruptcy Court's decision permitting the **trustee** to abandon the **property.**

D. VALUATION OF THE REAL **PROPERTY**

Next, the debtor appeals the following factual determination which the Bankruptcy Court made:

> The real **property** discussed herein had a state equalized valuation of approximately $ 230,000. However, the **trustee** asserts that the value of the real **property** as contaminated has diminished.

The debtor contends that the Bankruptcy Court's factual finding as to the value of the **property** are silent as to any facts which led the Bankruptcy Court to this conclusion. n12 The debtor seeks to have this Court remand this issue to the Bankruptcy Court in order for the **trustee** to order an independent appraisal of the **property.** n13 This Court disagrees with MCI's argument.

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n12 The significance of this factual finding is that *HN7*under 11 U.S.C. § 544(a) a **trustee** may only abandon an asset of the estate if the asset is either burdensome or is of inconsequential value and benefit to the estate. [**17]

n13 *HN8*[The district court] may not make its own independent factual findings. If the bankruptcy court's factual findings are silent or ambiguous as to an outcome determinative factual question, the district court may not engage in its own factfinding but, instead, must remand the case to the bankruptcy court for the necessary factual determination.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -In re Caldwell, 851 F.2d 852, 857 (6th Cir. 1988) (citations omitted).

The Bankruptcy Court stated that "a unique situation arises when the value of the debtor's real **property** as contaminated, has declined so far that it is unmarketable." MCI stated in its bankruptcy schedule that the state equalized value of the **property** was $ 232,000. It is an uncontested fact that the clean up costs to date amount to nearly one-million dollars. It is also uncontested that the soil still must be cleaned up. Furthermore, the debtor stated in its first filing with the bankruptcy court that "this **property** has been for sale for nine months and there has been no buyer." Although the Bankruptcy Court did not rely on it, there is also evidence [**18] in the record that shows that the broker, which the **trustee** retained, tried for two years to sell the **property** without any success.

In this case, the Bankruptcy Court's factual finding that the value of the **property** diminished to the point where it is unmarketable is not ambiguous or silent. The reason the **property** is worthless is due to the amount the EPA has expended in cleanup costs, notwithstanding the

From: Marc S. Alpert  To: Fax#16173678840    Date: 9/21/2004  Time: 11:19:02 AM    Page 11 of 12
Case 1:04-cv-11074-DPW    Document 10-7    Filed 09/21/2004    Page 11 of 12
Search - 100 Results - trustee abandoning property to creditors    Page 11 of 12

fact that additional cleanup costs will be incurred when the soil is cleaned up. See e.g. In re Better-Brite Plating, Inc., 105 Bankr. 912, 918 [*110] (Bankr. E.D. Wis. 1989) ("because of cleanup costs, the . . . **properties** are virtually unmarketable and without value"). Therefore, this Court will not remand the case to the Bankruptcy Court.

E. MARSHALING OF ASSETS

Finally, the debtor appeals the order of the Bankruptcy Court allowing the **trustee** to abandon all unadministered assets of the estate. Since the debtor is appealing the Bankruptcy Court's conclusion of law, this Court will employ de novo review to this holding.

The crux of the debtor's argument is that it had a potential buyer for some of the forklifts and that the **trustee** failed to [**19] respond to such requests. The following items are relevant to this Court's determination of the issue:

> 1. The City of Detroit has a $ 13,371 personal **property** tax lien on the debtor's personal **property.**
>
> 2. Manufacturers National Bank still has its secured position of $ 27,692; and
>
> 3. On October 13, 1989, the bankruptcy court entered its order lifting the automatic stay and ordering a turnover of the debtor's personal **property** to Manufacturer's National Bank.

HN9✣**Trustees** have a duty not to administer **property** that will not generate funds for unsecured parties. See Handbook for Chapter 7 **Trustees** at 138. Pursuant to the order lifting the automatic stay, Manufacturer's bank controls the forklifts in question. The **trustee** has no authority to sell the forklifts. Furthermore, as to any other personal **property** that is also an "unadministered asset", such **property** is either in control of Manufacturers Bank or is subject to liens so that if the **trustee** tried to sell the **property** it would not generate funds for unsecured **creditors. Therefore, the trustee** did everything it could to maximize the realization on liquidation of the estate. Thus, the Bankruptcy Court properly ordered [**20] the abandonment of all unadministered assets. The debtor has made no showing that the assets were not properly marshalled. Therefore, this Court, upon a de novo review of the Bankruptcy Court's decision, affirms the Bankruptcy Court's conclusion that the **trustee** could abandon all "unadministered assets" of the estate.

CONCLUSION

For all of the reasons set forth above, this Court AFFIRMS the Bankruptcy Court's Memorandum Opinion and Order dated November 26, 1991.

IT IS SO ORDERED.

LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Source: Legal > Area of Law - By Topic > Bankruptcy > Cases and Court Rules > US Courts Bankruptcy Cases
Terms: trustee abandoning property to creditors (Edit Search)
View: Full
Date/Time: Tuesday, September 21, 2004 - 7:33 AM EDT

* Signal Legend:

- Warning: Negative treatment is indicated
- Caution: Possible negative treatment
- Positive treatment is indicated
- Citing Refs. With Analysis Available
- Citation information available

* Click on any *Shepard's* signal to *Shepardize®* that case.

About LexisNexis | Terms and Conditions

Copyright © 2004 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.