TELEPHONE 617-227-2380                                                FAX 617-367-8840

# Marc S. Alpert, P.C.
ATTORNEY AT LAW
50 CONGRESS STREET, SUITE 225
BOSTON, MA 02109-4008

*Marc S. Alpert*
*Attorney-at- Law*

September 22, 2004 (corrected version of letter of September 21, 2004)

Hon. Judge Woodlock
United States District Court for the District of Massachusetts
One Courthouse Way
Boston, MA 02110

Re: Elkin et.al v. Shkolnikov, # 04-11074-DPW

Dear Judge Woodlock:

My apologies, this is a corrected version of the letter of September 21, 2004. Upon reflection last section of the first Part of the September 21, 2004 letter should be deleted.

Here are the two cases that hold the filing of an interpleader does not bar a bad faith action and does not sanitize bad faith conduct. The California case also specified that the insurer must settle within the policy limited where there is a substantial likelihood of recovery in excess of those limits. The cases are *Lehto v. Allstate Insurance Company*, 31 Cal App. 4th 60, 36 Cal Rptr. 2d 814 (1994), *Roach v. Atlas*, 1989 Ok 27, 769 P.2d 158 (1989).

Yury Shkolnikov does I feel have an excellent bad faith claim. Some, but not all of the reasons are as follows:
a) Metropolitan did not perfect the interpleader, as four of the claimants (Boris Rabovsky, Igor Rabovsky, Boris Elkin, and Genardy Kutikov) were not named parties nor added after Metropolitan learned of them. The Appeals Court held that the interpleader judgment does not bind non-parties. As the *Lehto* court stated a purpose of interpleader is to resolve all competing claims. With the interpleader unperfected, the parties named in it could all give releases, and the $300,000.00 disbursed, and leave Yury Shkolnikov still facing claimants, two of whom (Boris Rabovsky and Igor Rabovsky) have major damage claims.
b) At times Metropolitan simply refused to negotiate with/respond to the claimants. For instance, for a period starting sometime in May 2001 to beginning of August 2001, all of the claimants (including those not named in the interpleader) were willing to settle for the $300,000.00 and release both Metropolitan and Shkolnikov. Metropolitan claimed to do so would violate the summary judgment scheduling order (OCR version June 1, 2001

letter). Attached is June 30, 2001 letter outlining Appellants contemporaneous position and view.

c) The release Metropolitan drafted and the Interpleader Court approved was in the opinion of two of the attorneys for the passengers overly broad and could have had the effect of releasing others besides Shkolnikov. The Appeals Court agreed on this point, and earlier this month Judge Lindsey discussed this (part of transcript attached). In the interim, Metropolitan refused to accept a complete set of signed releases (the parties named in the interpleader and the four not named) from my clients that differed from the release drafted by Metropolitan and approved by the Interpleader Court only in that the release was limited to Shkolnikov and specifically excluded other defendants in the California case, set forth in detail how the shares or money was to be paid, and had a deadline for receipt of funds. These releases fully executed were brought to the Appeal Court. These releases and relevant correspondence are attached. More to the point, whether with the attached releases or some different release other than the one attached to the Judgment, Metropolitan for many months in 2002 could have gotten Shkolnikov off the hook from the Appellants, and did not. (With respect to all of the settlements to date, Metropolitan has without need of a Court Order accepted release forms other than the one attached to the Judgment that the Appellants object to, but this was later.)

II.
Bankruptcy Courts do have the power and authority to transfer abandoned assets directly to creditors. Attached hereto are three cases that involved such transfers of abandoned assets to creditors. The cases are In the *Matter of MCI, Inc.* 105 B.R. 103 (1992), *In the Matter of Lintz West Side Lumber, Inc.* 655 F.2d 786 (1981) and *D-1 Enterprises, Inc. v. Commercial State Bank*, 864 F.2d 36 (1989)..

Very truly yours,

Marc Alpert

Cc: Attorney John Graceffa (e-mail)
Attorney Mark DeGiacomo (e-mail)
Attorney Richard Canzano (e-mail or fax)