UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MIKHAIL ELKIN,<br>      Plaintiff<br><br>v.<br><br>YURY SHKOLNIKOV,<br>      Defendant/Debtor | C.A. No. 04-11074-DPW |

## TRANSCRIPT OF HEARING

Attached hereto is a true and accurate copy of the Transcript of a hearing before the Honorable William Hillman, B.J., in the matter of <u>Elkin v. Shkolnikov (In re Shkolnikov)</u>, Case No. 03-16727, Adversary Proceeding No. 03-1478, held on March 5, 2004. The Court requested this transcript at hearing on September 20, 2004.

Respectfully submitted,

_____
J. Owen Todd (BBO# 499480)
Edward Foye (BBO#562375)
Todd & Weld LLP
28 State Street
Boston, MA 02109
(617) 720-2626

Dated: September 29, 2004

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS - BOSTON

```
===============================
IN THE MATTER OF:              .    Case #03-16727
                               .
   YURY SHKOLNIKOV              .    Boston, Massachusetts
                               .    March 5, 2004
              Debtor.          .
===============================
MIKHAIL ELKIN                  .    Adv. #03-1478
              Plaintiff,       .
       v.                      .
YURY SHKOLNIKOV                .
              Debtor           .
===============================
```

### TRANSCRIPT OF HEARING ON:
### (#5) MOTION FOR DEFAULT JUDGMENT
### (#6) CHAPTER 7 TRUSTEE'S RESPONSE TO #5
### BEFORE THE HONORABLE WILLIAM C. HILLMAN, J.U.S.B.C.

**APPEARANCES:**

For Mikhail Elkin:                    MARC S. ALPERT, ESQ.
                                      50 Congress Street, Suite 225
                                      Boston, MA  02109


Electronic Sound Recording Operator:   Mary Jo Tedder

Proceedings Recorded by Electronic Sound Recording
Transcript Produced by Certified Transcription Service

---

## GCI TRANSCRIPTION SERVICES
**210 Bayberry Avenue**
**Egg Harbor Township, NJ  08234-5901**
1-609-927-0299     FAX 1-609-927-6420     1-800-471-0299
e-mail - irwingloria@comcast.net

```
 1  (At Tape #1, Index #2152  Time 10:05 a.m.)
 2          THE COURT:  Yury Shkolnikov.  Elkin vs. Shklonikov.
 3      [Pause]
 4          THE COURT:  Motion, default judgment.  Yes, sir.
 5          MR. ALPERT:  Yes, my name is Marc Alpert, Your
 6  Honor.  I represent the plaintiffs.
 7          THE COURT:  All right, Mr. Alpert.  Teach me some
 8  law.  By what authority that I have could I possibly give you
 9  judgment?  You want me to take an asset of the estate and hand
10  it to your clients.  Now tell me what my authority is to do
11  that.
12          MR. ALPERT:  Well, I think as a practical matter,
13  Your Honor --
14          THE COURT:  No, I don't do "practical."  I do
15  "legal."  I mean, as a practical matter, it would be very nice
16  to give whatever rights there are against this third party to
17  your clients.  Tell me how I can take something which,
18  according to your allegations, is property of the estate; take
19  it away from the Chapter 7 Trustee, and give it to your
20  clients.
21          MR. ALPERT:  Well, there's no -- there's no
22  objection.  The asset is -- it's a strange asset because it's
23  an inchoate asset.  The asset only comes into existence at a
24  later date when my clients get a judgment.  It's an asset
25  that's really unique to each individual client.
```

1    It's a theoretical asset right now. It's an asset
2 that the debtor has refused, with the approval of the Trustees,
3 to add to his list, because the debtor has valued it at zero,
4 so they don't even claim it's an asset. They're saying it's
5 not an asset. It's intertwined.
6    In order for the asset to come into existence in the
7 California case my clients have to get a judgment in excess of
8 the insurance, in which case, in the normal course, that would
9 end up going to my -- end up -- in the normal course, if it's
10 filed later, my clients would normally get that as -- out of
11 bankruptcy as part of their own debt, because the asset really
12 doesn't exist as part; and as a practical matter, there are no
13 other creditors except for one  -- Citibank whom we would --
14 we've said we will pay in full before we take any money. So
15 there's no objection.
16    THE COURT:  I -- I think I understand what you're
17 saying, but what I am saying and what I will rule is that this
18 is not the mechanism to do it. If the Trustee should abandon
19 this thing, then it's out there in space, and I suppose you
20 could try to reach and apply it in the State Court or do
21 something; but what you're attempting to do here in this
22 adversary proceeding is not doable. There is no procedure
23 where I can accomplish that for you.
24    Your motion for a default judgment is denied because
25 there's no basis in law on which I could grant it, and I'm

1  going to *sua sponte* dismiss the adversary proceeding, because
2  there's no basis on which you could win.
3         Thank you very much, gentlemen.
4  (End at Tape #1, Index #2372.  10:07 p.m.)
5              * * * * * * * * * * * *
6         I certify that the foregoing is a true and accurate
7  transcript from the electronically sound recorded record of the
8  proceedings.

*[signature]* 9/22/04
GLORIA C. IRWIN                                    Date
Certified Transcriber NJ AOC200
    Federal CET #122
GCI TRANSCRIPTION SERVICES
210 Bayberry Avenue
Egg Harbor Township, NJ 08234-5901
609-927-0299  1-800-471-0299
    FAX 609-927-6420
e-mail  irwingloria@comcast.net