UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 04-11074-DPW

```
                    FILED
                 IN CLERKS OFFICE

                 2004 SEP 30  P 4: 03

                 U.S. DISTRICT COURT
                  DISTRICT OF MASS.
```

Michael Elkin et al, Plaintiffs
v.
Yury Shkolnikov, Defendant/Debtor

## MOTION FOR ENLARGEMENT OF TIME TO FILE FURTHER BRIEFING

The Plaintiffs move to extend time from October 5, 2004 to file further briefing to October 28, 2004. Attached hereto is the transcript of the Bankruptcy Court session. The Plaintiffs have also submitted informally by letter two cases to the effect that the filing on an interpleader does not in and of itself sanitize bad faith (one of the cases is a California case), documents showing that Metropolitan could have and did not obtain releases of Yury Shkolnikov, and three cases in which property of a bankrupt estate was abandoned or transferred to a creditor (one of the cases was cited in an unsuccessful post-dismissal motion in the Bankruptcy Court).

October 28, 2004 is the date the time for Attorney Alpert's attorneys to file papers with respect to show cause. Given the close relationship between the issues and the probable need in any event for some more time, it is requested that the time be extended to October 28, 2004.

Plaintiffs by their attorney,

[signature]

Marc S. Alpert, BBO # 016420
Marc S. Alpert, P.C.
50 Congress Street, Suite 225
Boston, MA 02109-4008
Tel: 617 227-2380
Fax 617 367-8840
e-mail: trenia2380@juno.com

Certificate of Service:

I certify that on 30th day of September I served via e-mail and regular mail this motion

and a copy of the transcript to:

Mark G. deGiacomo
Murtha Cullina LLP
99 High Street
Boston, MA 02110

Richard M. Canzano
Blumsack & Canzano
36 Commerce Way
Woburn, MA 01801

John P. Graceffa
William A. Schneider
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02110-1181

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS - BOSTON

```
===============================
IN THE MATTER OF:                . Case #03-16727
                                 .
   YURY SHKOLNIKOV                . Boston, Massachusetts
                                 . March 5, 2004
              Debtor.            .
===============================
MIKHAIL ELKIN                    . Adv. #03-1478
              Plaintiff,         .
         v.                      .
YURY SHKOLNIKOV                  .
              Debtor             .
===============================
```

### TRANSCRIPT OF HEARING ON:
### (#5) MOTION FOR DEFAULT JUDGMENT
### (#6) CHAPTER 7 TRUSTEE'S RESPONSE TO #5
### BEFORE THE HONORABLE WILLIAM C. HILLMAN, J.U.S.B.C.

**APPEARANCES:**

For Mikhail Elkin:

> MARC S. ALPERT, ESQ.
> 50 Congress Street, Suite 225
> Boston, MA 02109

Electronic Sound Recording Operator:   Mary Jo Tedder

Proceedings Recorded by Electronic Sound Recording
Transcript Produced by Certified Transcription Service

---

## GCI TRANSCRIPTION SERVICES
### 210 Bayberry Avenue
### Egg Harbor Township, NJ 08234-5901
1-609-927-0299     FAX 1-609-927-6420     1-800-471-0299
e-mail - irwingloria@comcast.net

```
 1  (At Tape #1, Index #2152  Time 10:05 a.m.)
 2          THE COURT:  Yury Shkolnikov.  Elkin vs. Shklonikov.
 3      [Pause]
 4          THE COURT:  Motion, default judgment.  Yes, sir.
 5          MR. ALPERT:  Yes, my name is Marc Alpert, Your
 6  Honor.  I represent the plaintiffs.
 7          THE COURT:  All right, Mr. Alpert.  Teach me some
 8  law.  By what authority that I have could I possibly give you
 9  judgment?  You want me to take an asset of the estate and hand
10  it to your clients.  Now tell me what my authority is to do
11  that.
12          MR. ALPERT:  Well, I think as a practical matter,
13  Your Honor --
14          THE COURT:  No, I don't do "practical."  I do
15  "legal."  I mean, as a practical matter, it would be very nice
16  to give whatever rights there are against this third party to
17  your clients.  Tell me how I can take something which,
18  according to your allegations, is property of the estate; take
19  it away from the Chapter 7 Trustee, and give it to your
20  clients.
21          MR. ALPERT:  Well, there's no -- there's no
22  objection.  The asset is -- it's a strange asset because it's
23  an inchoate asset.  The asset only comes into existence at a
24  later date when my clients get a judgment.  It's an asset
25  that's really unique to each individual client.
```

03-16727                    AP #03-1478                    2-11-04

1    It's a theoretical asset right now.  It's an asset
2 that the debtor has refused, with the approval of the Trustees,
3 to add to his list, because the debtor has valued it at zero,
4 so they don't even claim it's an asset.  They're saying it's
5 not an asset.  It's intertwined.
6    In order for the asset to come into existence in the
7 California case my clients have to get a judgment in excess of
8 the insurance, in which case, in the normal course, that would
9 end up going to my -- end up -- in the normal course, if it's
10 filed later, my clients would normally get that as -- out of
11 bankruptcy as part of their own debt, because the asset really
12 doesn't exist as part; and as a practical matter, there are no
13 other creditors except for one  -- Citibank whom we would --
14 we've said we will pay in full before we take any money.  So
15 there's no objection.
16    THE COURT:  I -- I think I understand what you're
17 saying, but what I am saying and what I will rule is that this
18 is not the mechanism to do it.  If the Trustee should abandon
19 this thing, then it's out there in space, and I suppose you
20 could try to reach and apply it in the State Court or do
21 something; but what you're attempting to do here in this
22 adversary proceeding is not doable.  There is no procedure
23 where I can accomplish that for you.
24    Your motion for a default judgment is denied because
25 there's no basis in law on which I could grant it, and I'm

1  going to *sua sponte* dismiss the adversary proceeding, because
2  there's no basis on which you could win.
3         Thank you very much, gentlemen.
4  (End at Tape #1, Index #2372.  10:07 p.m.)
5              * * * * * * * * * * *
6         I certify that the foregoing is a true and accurate
7  transcript from the electronically sound recorded record of the
8  proceedings.

*[signature]*                                      9/22/0_

**GLORIA C. IRWIN**                                     Date
Certified Transcriber NJ AOC200
    Federal CET #122
GCI TRANSCRIPTION SERVICES
210 Bayberry Avenue
Egg Harbor Township, NJ  08234-5901
609-927-0299   1-800-471-0299
    FAX 609-927-6420
e-mail  irwingloria@comcast.net

03-16727              AP #03-1478              2-11-04