UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MIKHAIL ELKIN,<br>      Plaintiff | )<br>)<br>)<br>) |  |
| v. | ) | C.A. No. 04-11074-DPW |
| YURY SHKOLNIKOV,<br>      Defendant/Debtor | )<br>)<br>)<br>) |  |

**ASSENTED-TO MOTION FOR ENLARGEMENT OF TIME
TO RESPOND TO SUPPLEMENTAL BRIEFING**

The plaintiff in the matter captioned above and his attorney Attorney Marc S. Alpert, through Mr. Alpert's attorney, herewith respectfully move to extend the date upon which supplemental briefing is due to this Court in connection with the bankruptcy appeal captioned above. In support of his motion, Mr. Alpert states that he has reached an agreement in principle with the Trustee to settle this matter. Once this agreement is appropriately documented and executed, Mr. Alpert believes it will be possible to dismiss this appeal, thereby rendering moot the issue of supplemental briefing. In further support of his motion, Mr. Alpert states:

1. This Court has set November 23 as the date upon which Mr. Alpert must (i) answer the Court's show cause order concerning whether he should be sanctioned for filing this appeal and (ii) provide the Court with supplemental briefing regarding the merits of the underlying appeal itself.

2. Following discussions with the Trustee, Mr. Alpert determined that it would be simpler (and less expensive) simply to purchase the asset from the Trustee

rather than continuing to seek a judicial order requiring the turnover of the asset to Mr. Alpert's clients.

3. Mr. Alpert also believes that a negotiated disposition of the underlying case will necessarily impact the question of whether it was a meritorious one, and therefore it seeks a stay of the briefing on the Court's show cause order as well as supplemental briefing on the underlying appeal.

4. Based on information obtained from the Trustee it appears that this matter can be concluded as early as December 23, 2004. Accordingly, Mr. Alpert asks for an extension to that date with the understanding that he will provide the Court no later than that time with a progress report.

5. The debtor did not appear or answer the complaint in the bankruptcy court and has not appeared or participated in these proceedings. The Debtors' attorneys have previously communicated to the undersigned that he has no interest in the outcome of this matter or the schedule upon which it proceeds. The Trustee has also previously informed Mr. Alpert's counsel that he assents to this brief requested extension of time.

WHEREFORE, the plaintiff and Attorney Marc S. Alpert respectfully move that this Honorable Court:

A. Enlarge the time for supplemental briefing up to and including the close of business on December 23, 2004; and

B. Grant whatever other or additional relief this Honorable Court deems just under the circumstances.

Respectfully submitted,

MARC S. ALPERT

*/s/ J. Owen Todd*

J. Owen Todd (BBO# 499480)
Edward Foye (BBO#562375)
Todd & Weld LLP
28 State Street
Boston, MA 02109
(617) 720-2626

Dated: November 22, 2004

**Certificate of Service**

I, Edward Foye, certify that a true and accurate copy of the above document was served upon the attorneys of record for each other party by mail on November 22, 2004.

*/s/ Edward Foye*

Edward Foye (BBO#562375)