UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MIKHAIL ELKIN,<br>      Plaintiff | )<br>)<br>)<br>) |
| v. | )  C.A. No. 04-11074-DPW |
| | ) |
| YURY SHKOLNIKOV,<br>      Defendant/Debtor | )<br>)<br>) |

**ASSENTED-TO MOTION FOR ENLARGEMENT OF TIME
TO RESPOND TO SUPPLEMENTAL BRIEFING**

The plaintiff in the matter captioned above and Attorney Marc S. Alpert, through Mr. Alpert's attorney, herewith respectfully move to extend the date upon which supplemental briefing is due to this Court in connection with the bankruptcy appeal captioned above. In support of his motion, Mr. Alpert states that he has reached an agreement in principle with the Trustee to settle this matter. Once this agreement is appropriately documented and executed, Mr. Alpert believes it will be possible to dismiss this appeal, thereby rendering moot the issue of supplemental briefing. In further support of his motion, Mr. Alpert states:

    1. This Court has set December 23 as the date upon which Mr. Alpert must (i) answer the Court's show cause order concerning whether he should be sanctioned for filing this appeal and (ii) provide the Court with supplemental briefing regarding the merits of the underlying appeal itself.

    2. Following discussions with the Trustee, Mr. Alpert determined that it would be simpler (and less expensive) simply to purchase the asset from the Trustee

rather than continuing to seek a judicial order requiring the turnover of the asset to Mr. Alpert's clients. The arrangement with the Trustee is reflected in the correspondence attached hereto as <u>Exhibit A</u>.

3.  Mr. Alpert also believes that a negotiated disposition of the underlying case will necessarily impact the question of whether it was a meritorious one, and therefore it seeks a stay of the briefing on the Court's show cause order as well as supplemental briefing on the underlying appeal.

4.  Mr. Alpert and his client believe that it will soon be possible to dismiss this matter, and asks that it remain open only until the Trustee executes the agreement by obtaining Bankruptcy Court approval for the transfer.

5.  The Trustee and the attorney for the debtor both assent to this motion.

WHEREFORE, the plaintiff and Attorney Marc S. Alpert respectfully move that this Honorable Court:

A.  Enlarge the time for supplemental briefing up to and including the close of business on February 23, 2005; and

B.  Grant whatever other or additional relief this Honorable Court deems just under the circumstances.

Respectfully submitted,

MARC S. ALPERT

_____
J. Owen Todd (BBO# 499480)
Edward Foye (BBO#562375)
Todd & Weld LLP
28 State Street
Boston, MA  02109
(617) 720-2626

Assented by:

_____ *with authority*
Mark G. deGiacomo
Murtha Cullina LLP
99 High Street
Boston, MA  02110
Attorney for Chapter 7 Trustee

_____ *with authority*
Richard M. Canzano
Blumsack & Canzano
36 Commerce Way
Woburn, MA  01801
Attorney for Yury Shkolnikov

Dated: December 17, 2004

### Certificate of Service

I, Edward Foye, certify that a true and accurate copy of the above document was served upon the attorneys of record for each other party by mail on December 17, 2004.

_____
Edward Foye (BBO#562375)

3

# EXHIBIT A

# TODD & WELD LLP

ATTORNEYS AT LAW
28 STATE STREET
BOSTON, MASSACHUSETTS 02109

EDWARD FOYE

TELEPHONE: (617) 720-2626
FACSIMILE: (617) 227-5777
www.toddweld.com

December 13, 2004

**BY HAND DELIVERY**

Mark G. deGiacomo, Esq.
Murtha Cullina LLP
99 High Street
Boston, MA 02110

Re:   In re Shkolnikov, No. 03-16727

Dear Mr. deGiacomo:

As we previously discussed, enclosed please find a check for $5,000 intended for the purchase of the debtor's rights against Metropolitan. The particular asset that Mr. Alpert's clients seek to purchase is:

> All rights and claims of every sort and nature including but not limited to so-called bad faith claims, Chapter 93A claims, common law claims and statutory claims pursuant to the law of any jurisdiction that Yuri Shkolnikov and/or his bankruptcy estate now has or ever has had against Metropolitan Property & Casualty Insurance Company and any of its affiliates, subsidiaries, employees and/or agents.

As also discussed on the telephone with you last week, we will certainly cooperate in effectuating the sale to Mr. Alpert's clients, including taking whatever procedural steps are necessary regarding the pending appeal from the dismissal of the adversary proceeding.

Yours very truly,

Edward Foye

EF/jml
Enclosure
Cc:   Marc Alpert, Esq.

**TODD & WELD, LLP**
**IOLTA ACCOUNT**
28 STATE ST
BOSTON, MA 02109

CITIZENS BANK
MASSACHUSETTS
5-7017-2110

| DATE | NUMBER | AMOUNT |
|---|---|---|
| 12/13/2004 | | **$5,000.00 |

PAY  *** FIVE THOUSAND & 00/100 DOLLARS

TO THE ORDER OF  Mark G. deGiacomo, Esq.

VOID AFTER 120 DAYS

⑈001578⑈ ⑆211070175⑆ 1107956975⑈

---

**TODD & WELD, LLP   IOLTA ACCOUNT**

| DATE | TRUST NAME | PAY TO / DESCRIPTION | AMOUNT |
|---|---|---|---|
| 12/13/2004 | Marc S. Alpert, P.C. | Mark G. deGiacomo, Esq. #6351.30 Alpert Settlement Payment | 5000.00 |

| CHECK DATE | CHECK NO. | | CHECK AMOUNT |
|---|---|---|---|
| 12/13/2004 | 1578 | | 5000.00 |

**TODD & WELD, LLP   IOLTA ACCOUNT**

DELUXE BUSINESS FORMS  1-800-328-0304  www.deluxeforms.com