UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ———————————————— )<br><br>MIKHAIL ELKIN, )<br>Plaintiff )<br> )<br>v. )<br> )<br>YURY SHKOLNIKOV, )<br>Defendant/Debtor )<br>———————————————— ) | C.A. No. 04-11074-DPW |

**ASSENTED-TO MOTION FOR ENLARGEMENT OF TIME
TO RESPOND TO SUPPLEMENTAL BRIEFING**

The plaintiff in the matter captioned above and Attorney Marc S. Alpert, through

Mr. Alpert's attorney, herewith respectfully move to extend the date upon which

supplemental briefing is due to this Court in connection with the bankruptcy appeal

captioned above. In support of his motion, Mr. Alpert states that he has reached an

agreement with the Trustee that is expected to settle this matter. Once this agreement is

approved by the Court, Mr. Alpert believes it will be possible to dismiss this appeal,

thereby rendering moot the issue of supplemental briefing. In further support of his

motion, Mr. Alpert states:

1.    This Court has set February 23 as the date upon which Mr. Alpert must (i)

answer the Court's show cause order concerning whether he should be sanctioned for

filing this appeal and (ii) provide the Court with supplemental briefing regarding the

merits of the underlying appeal itself.

2.    This matter concerns certain claims for bad faith settlement practices

which the Debtor, Yury Shkolnikov, may have against Metropolitan Casualty and Surety

Co. ("Metropolitan"). Mr. Shkolnikov was the driver in a one-vehicle van accident which killed eight people and injured several others. Mr. Alpert (with other attorneys) represents the victims.

3.     Following discussions with the Trustee, Mr. Alpert on behalf of his clients has determined that it would be simpler (and less expensive) simply to purchase the bad faith claims from the Trustee rather than continuing to seek a judicial order requiring the turnover of the asset to Mr. Alpert's clients. Based on Mr. Alpert's agreement with the Trustee, he expects the Trustee to file the papers, attached hereto as Exhibit A with the Bankruptcy Court. Once the sale is approved by the Bankruptcy Court, Mr. Alpert believes that the appeal now before the Court will be moot, and he will dismiss it.

4.     Mr. Alpert also believes that a negotiated disposition of the underlying case will necessarily impact the question of whether it was a meritorious one, and therefore seeks a stay of the briefing on the Court's show cause order as well as supplemental briefing on the underlying appeal.

5.     The Trustee and the attorney for the debtor both assents to this motion.

WHEREFORE, the plaintiff and Attorney Marc S. Alpert respectfully move that this Honorable Court:

A.     Enlarge the time for supplemental briefing by 45 days up to and including the close of business on April 11, 2005; and

B.     Grant whatever other or additional relief this Honorable Court deems just under the circumstances.

Respectfully submitted,

MARC S. ALPERT

J. Owen Todd (BBO# 499480)
Edward Foye (BBO#562375)
Todd & Weld LLP
28 State Street
Boston, MA 02109
(617) 720-2626

Assented by:

Mark G. deGiacomo
Murtha Cullina LLP
99 High Street
Boston, MA 02110
Attorney for Chapter 7 Trustee

Richard M. Canzano
Blumsack & Canzano
36 Commerce Way
Woburn, MA 01801
Attorney for Yury Shkolnikov

Dated: February 18, 2005

## Certificate of Service

I, Edward Foye, certify that a true and accurate copy of the above document was served upon the attorneys of record for each other party by mail on February 18, 2005.

Edward Foye (BBO#562375)

# Exhibit A

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS, EASTERN DIVISION

In re:                                  )
                                        )
YURY SHKOLNIKOV,                        )     CHAPTER 7
                                        )     CASE NO. 03-16727-JNF
             Debtor.                    )
                                        )

## CHAPTER 7 TRUSTEE'S MOTION FOR AUTHORITY TO SELL BY PRIVATE SALE CERTAIN ASSET FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES

Mark G. DeGiacomo, the duly appointed Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Yury Shkolnikov (the "Debtor") hereby requests authority pursuant to Sections 363 of the Bankruptcy Code, Rule 6004 of the Federal Rules of Bankruptcy Procedure and MLBR 6004-1(a)(2) to sell a certain asset of the Debtor's bankruptcy estate (the "Asset") to Mikhail Elkin, et al[1] (the "Proposed Buyers") for a total purchase price of US $5,000.00 (the "Sale") and pursuant to the terms contained in the Purchase and Sale Agreement, a copy of which is attached hereto as Exhibit B. The Asset is comprised of all rights and claims of every sort and nature including but not limited to so-called bad faith claims, Chapter 93A claims, common law claims and statutory claims pursuant to the law of any jurisdiction that the Debtor or the Debtor's bankruptcy estate now has or ever has had against Metropolitan Property & Casualty Insurance Company and/or any of its affiliates, subsidiaries, employees and/or agents. The Sale will be free and clear of all liens, claims and encumbrances with all liens, claims and encumbrances attaching to the proceeds of the Sale to the extent allowable by law.

In support of this Motion, the Trustee states as follows:

---

[1] A list of the Proposed Buyers is attached hereto as Exhibit A.

294137_1

1.  On August 8, 2003, the Debtor filed a voluntary petition pursuant to Chapter 7 of the Bankruptcy Code.

2.  On August 8, 2003, Mark G. DeGiacomo was appointed as the Chapter 7 Trustee of this bankruptcy estate.

3.  The Trustee has accepted the Proposed Buyers' offer to purchase the Asset for US $5,000.00 (the "Purchase Price"). The Trustee has received the full Purchase Price from the Proposed Buyers as a deposit (the "Deposit") which the Trustee is currently holding in escrow pending court approval of this Motion.

4.  The Asset is comprised of all rights and claims of every sort and nature including but not limited to so-called bad faith claims, Chapter 93A claims, common law claims and statutory claims pursuant to the law of any jurisdiction that the Debtor or the Debtor's bankruptcy estate now has or ever has had against Metropolitan Property & Casualty Insurance Company and/or any of its affiliates, subsidiaries, employees and/or agents ("Metropolitan").

5.  The Asset was not scheduled by the Debtor. The Debtor, personally and through counsel, has stated on several occasions that he does not believe a viable cause of action exists against Metropolitan.

6.  The Proposed Buyers were initially not interested in purchasing the Asset but recently contacted the Trustee offering to purchase the Asset.

7.  The Sale is "AS IS" and "WHERE IS" without any representations or warranties of any kind. Specifically, the Trustee makes no representation concerning the viability of the cause of action represented by the Asset.

8.  The Trustee believes that the Asset is not encumbered by security interests.

9. There is no relationship between the Proposed Buyers and the Trustee.

10. The proceeds from the sale will first be used to pay any secured claim that is not disputed by the Trustee subject to claims of the Trustee pursuant to §506(c) of the Bankruptcy Code or otherwise.

11. Filed contemporaneously with this Motion is a proposed Notice of Intended Private Sale of Asset, Deadline for Submitting Objections and Higher Offers and Hearing Date (the "Notice of Sale").

12. The Notice of Sale will be forwarded to all parties in interest as well as other parties the Trustee believes may be interested in purchasing the Asset.

13. The Trustee believes that the sale is in the best interest of the estate since, absent this sale, no funds would be available to the bankruptcy estate for this Asset. The Trustee believes that a sale by way of public auction would produce less than the Purchase Price.

WHEREFORE, Mark G. DeGiacomo, the Trustee herein, requests that this honorable court enter an Order:

   a. granting the Trustee authority to sell, by way of private sale the Asset described herein free and clear of all liens, claims and encumbrances;

   b. providing that all valid liens, claims and encumbrances shall attach to the proceeds of the sale in the order provided by law;

   c. approving the form of the Notice of Intended Private Sale of Asset;

   d. allowing the Trustee to pay from the proceeds of the sale of the Asset all secured claims that are not disputed by the Trustee and any undisputed amounts due the Trustee pursuant to Section 506(c) of the Bankruptcy Code;

   e. finding that the Proposed Buyers or the ultimate buyer is purchasing in good faith;

   f. granting such other relief as is deemed just and equitable.

Respectfully submitted,

MARK G. DEGIACOMO, CHAPTER 7
TRUSTEE OF THE ESTATE OF YURY
SHKOLNIKOV,

By his attorneys,

/s/ Olga L. Bogdanov
Mark G. DeGiacomo (BBO #118170)
Olga L. Bogdanov (BBO# 644879)
Murtha Cullina LLP
99 High Street
Boston, MA 02110
(617) 457-4000 Telephone
(617) 482-3868 Facsimile

Dated: February _____, 2005

Respectfully submitted,

MARK G. DEGIACOMO, CHAPTER 7
TRUSTEE OF THE ESTATE OF YURY
SHKOLNIKOV,

By his attorneys,

/s/ Olga L. Bogdanov
Mark G. DeGiacomo (BBO #118170)
Olga L. Bogdanov (BBO# 644879)
Murtha Cullina LLP
99 High Street
Boston, MA 02110
(617) 457-4000 Telephone
(617) 482-3868 Facsimile

Dated: February _____, 2005

## PURCHASE AND SALE AGREEMENT

AGREEMENT made as of this ___ day of February, 2005, by and between Mark G. DeGiacomo, Chapter 7 Trustee of the estate of Yury Shkolnikov, Chapter 7 Case No. 03-16727-JNF (the "Seller" or the "Trustee") and the undersigned buyers (the "Buyers").

WHEREAS, on August 8, 2003, Yury Shkolnikov (the "Debtor") filed a voluntary petition pursuant to Chapter 7 of the Bankruptcy Code; and

WHEREAS, on August 8, 2003, Mark G. DeGiacomo was appointed as Chapter 7 Trustee of the Debtor; and

WHEREAS, the Debtor owns a certain asset; and

WHEREAS, the Trustee wishes to sell and transfer, and the Buyers wish to purchase, the Trustee's right, title and interest in a certain asset of the Debtor upon the terms and conditions set forth in this Agreement.

NOW THEREFORE, the SELLER and the BUYERS agree as follows:

1    Assets to be Transferred.  The Trustee agrees to sell and transfer all of his right, title and interest in, and the Buyers agree to buy all rights and claims of every sort and nature including but not limited to so-called bad faith claims, Chapter 93A claims, common law claims and statutory claims pursuant to the law of any jurisdiction that the Debtor or the Debtor's bankruptcy estate now has or ever has had against Metropolitan Property & Casualty Insurance Company and/or any of its affiliates, subsidiaries, employees and/or agents (the "Asset") subject to the conditions contained herein.

2    Purchase Price.  The Buyers agree to pay as a total purchase price for the Asset the amount of five thousand dollars and 00/100 (US $5,000.00) in consideration of the sale and transfer of the Asset (the "Purchase Price").

294140_1

3.     Deposit.  The Buyers have paid to the Trustee the Purchase Price as a

deposit (the "Deposit").  The Trustee will hold the Deposit in escrow pending court

approval of the sale to the Buyers.  The Deposit is refundable only if: (1) the Bankruptcy

Court enters an order allowing the sale of the Asset to a party other than the Buyer; (2)

the Trustee sells the Asset to a party other than the Buyers; or (3) the Trustee is in breach

of any of the terms and/or provisions of this Agreement.

4.     Purchase is Free and Clear.  The Trustee will sell the Asset free and clear

of all liens, leases, claims and encumbrances.  All such liens, claims and encumbrances

will attach only to the proceeds of the sale.  The provisions of this paragraph shall survive

the closing.

5.     Authority to Execute.  The individual signing this Agreement on behalf of

the Buyers affirmatively represents that they have been authorized to do so.

6.     Bankruptcy Court Approval.  The obligations of the Trustee to sell and

transfer and the obligations of the Buyers to purchase are expressly conditioned upon the

approval by the United States Bankruptcy Court of the Chapter 7 Trustee's Motion for

Authority to Sell by Private Sale Certain Asset Free and Clear of all Liens, Claims and

Encumbrances (the "Motion to Sell") at the Purchase Price or at a higher price

subsequent to an auction which may be held with individuals or entities who submit

counteroffers acceptable to the Trustee.  The Buyers are aware that the Trustee will

provide advance notice of the Motion to Sell to all creditors and other entities selected by

the Trustee, who in turn may object to this proposed sale or submit counteroffers.  The

Buyers understand that in the event the Trustee receives one or more higher counteroffers

for the Asset, a sealed bid auction, live auction or a combination of the two will be conducted at the Bankruptcy Court.

7.    Representations and Warranties.  The Asset is being sold "AS IS" and "WHERE IS" without any representations or warranties of any kind.  Specifically, the Trustee makes no representation concerning the viability of the cause of action represented by the Asset.

8.    Indemnification.  The Buyers shall indemnify and hold harmless the Trustee from all claims, demands, liabilities, and damages asserted against the Trustee or the Debtor's estate arising from events subsequent to the closing of the sale which relate to the Asset, including any and all expenses incurred in defending any such claims.  The provisions of this paragraph shall survive the closing.

9.    Closing.  A closing shall take place at the office of Murtha Cullina LLP, 99 High Street, Boston, Massachusetts within ten (10) days after the Bankruptcy Court's allowance of the Motion to Sell.  At the closing, the Trustee shall execute and deliver all documents reasonably necessary to effect the transfer of the Asset.

10.    Contingencies.  There are no contingencies to the sale of the Asset other than Bankruptcy Court approval which could result in the acceptance of a higher offer from another party.  In the event a higher offer from another party is accepted by the Trustee and the sale to the higher offeror is allowed by the Bankruptcy Court, the Trustee shall return the Deposit to the Buyers within five days of said Bankruptcy Court approval.

294140_1

11.    Nonrecourse.  The Trustee is executing this Agreement in a fiduciary capacity; only the estate shall be bound, and the Trustee shall not be personally liable for any obligation, expressed or implied, hereunder.

12.    Modification. This Agreement contains the entire agreement of the parties and may be amended only by written instrument signed by the parties.

13.    Assignment.  The Buyers may assign its rights and obligations under this Agreement without the need of further approval from the Trustee or the Bankruptcy Court.

14.    Advice of Counsel.  The Buyers confirm that they have had the advice of counsel of their choice available to them in connection with the execution of this Agreement.


IN WITNESS WHEREOF, the parties have executed this Agreement in two counterparts on the day and year first above written.

The Buyer hereby agrees to purchase on the terms set forth above.


_____          _____
Mikhail Elkin                      Sergey Rabovsky as father and next friend
                                   of Igor Rabovsky


_____          _____
Boris Elkin                        Sergey Rabovsky as Administrator of the
                                   Estate of Alla Rabovsky


_____          _____
Elina Levinson, as Administratrix of    Luba Levin
the Estate of Senya Elkin


294140_1

_____
Anna Kutikov

_____
Gennady Kutikov

_____
Anna Kutikov as Administratrix of
The Estate of Marat Kutikov

_____
Sergey Rabovsky

_____
Boris Rabovsky

_____
Michael Rabinovich

_____
Luba Levin as Administrator of the Estate
of Mariya Vilner

_____
Michael Rabinovich as Administrator
of the Estate of Mariya Vilner

_____
Luba Levin as Administrator of the
Estate of Vitaly Rabinovich

_____
Michael Rabinovich as Administrator of the
Estate of Vitaly Rabinovich


The Trustee agrees to sell and transfer on the terms set forth above.


_____
Witness

_____
Mark G. DeGiacomo, Chapter 7 Trustee of
the estate of Yury Shkolnikov

294140_1